DOMENGEAUX, Judge.
On December 5, 1962, William F. Schulte, Jr. was charged with unlawfully failing to provide for the support of his wife and two minor children in a proceeding entitled State of Louisiana v. William F. Schulte, Jr., filed in the Juvenile Court for the Parish of Orleans. He was cited under the authority of LSA-R.S. 14:74, otherwise known as the Criminal Neglect of Family statute. On January 3, 1963, after hearing, the judge of the Juvenile Court found him guilty as charged and in lieu of sentence as authorized by LSA-R. S. 14:75, ordered him to contribute the sum of $20.00 per week for the support of his dependents. In September, 1965, upon motion by the District Attorney he was ruled to show cause in said Juvenile Court why he should not be punished for contempt of Court for failure to pay the alimony as ordered. His whereabouts were presumably unknown as the record shows that the Juvenile Court issued a capias for his arrest and fixed an appearance bond, and repeated this order in August, 1968.
In March, 1969, Schulte’s wife, now divorced from him, filed suit in the Civil District Court for the Parish of Orleans against Schulte alleging that he had ignored the mandate of the aforementioned Juvenile Court by failing to pay the alimony of $20.00 per week as ordered, to the extent that the arrearages amounted to the full amount of $4,400.00, and she prayed that this aggregate amount be reduced to judgment and made executory in the District Court. Defendant husband filed a Declinatory Exception of Jurisdiction alleging that the Civil District Court lacks jurisdiction over the criminal proceedings of the Juvenile Court and has no authority to make criminal judgments of the Juvenile Court executory. In due course, and after hearing, the District Court maintained the Exception and ordered plaintiff-wife’s suit dismissed. From this adverse judgment the wife has appealed devolutively, and the husband has answered the appeal seeking damages on the grounds that the wife’s appeal is frivolous.
We conclude that the decision of the Civil District Court was correct in maintaining the Exception of Lack of Jurisdiction. At the outset we find that neglect of family provided for in LSA-R.S. 14:74 is a criminal proceeding. It is based on desertion or intentional nonsupport by a husband of his wife who is in destitute or necessitous circumstances or by either parent of a minor child who is in destitute *607 or necessitous circumstances, and provides that whoever commits this offense may be fined or imprisoned or both, and further that if a fine should be imposed the court may direct it to be paid in whole or in part to the wife or to the tutor or custodian of the minor child, or to an organization or individual approved by the Court as fiduciary for such wife or child. LSA-R.S. 14:75 authorizes the Court, in its discretion, instead of imposing the punishment provided in LSA-R.S. 14:74, or in addition thereto, to direct the defendant to pay certain sums on a regular basis to the wife, tutor or organization. The sum may be increased or decreased by the Court from time to time. If the defendant defaults, and upon motion by the District Attorney, he may be punished for contempt of court by suffering a fine or imprisonment, or the court may fine the defendant the total amount of due and unpaid alimony and order same to be paid to the wife, tutor or custodian within a period of time fixed by the Court. Upon further default he may be committed to another prison term. As shown in the comments under LSA-R.S. 14:75, the alimony provisions thereunder are necessary in order to protect a wife who does not want to divorce her husband and yet wants him to support her. Under Louisiana law a wife cannot bring a civil suit against her husband for support unless she makes her claim for alimony as an incident to a suit for separation or divorce. If it were not for the alimony provision of LSA-R.S. 14:75 a wife who did not want to divorce or judicially separate from her husband would be unable to secure anything from him other than the fine imposed for criminal neglect of family.
Article 2781 of the Code of Civil Procedure provides that a judgment rendered in a Louisiana Court may be made executory in any other Louisiana Court of competent jurisdiction if its execution has not been or may not be suspended by appeal. There is no doubt but that this article refers to civil judgments and that the key phrase is “of competent jurisdiction.” The Civil District Court for the Parish of Orleans has only civil jurisdiction. Article 7, § 81, Louisiana Constitution of 1921. It has no criminal or juvenile jurisdiction. The authority for the establishment of the Juvenile Courts throughout the State of Louisiana, including the Juvenile Court of the Parish of Orleans, is derived from Article 7, § 52 of the Louisiana Constitution and includes jurisdiction in certain criminal matters such as criminal neglect of family cases. Article 7, § 54.
The $20.00 per week which plaintiff-appellant was ordered to pay in the Juvenile Court was in lieu of a jail sentence and cannot be considered as a civil matter nor as a judgment contemplated under Article 2781 of the Code of Civil Procedure. Neither was it a “judgment” in favor of plaintiff-appellant. The alimony ordered was in the interest of the State of Louisiana. Any alimony ordered under LSA-R.S. 14:75 is not granted to the wife as a matter of right, but only in the discretion of the Court — as an alternative to the husband’s serving a prison term. The Juvenile Court (or Criminal Court, if such is the case) itself has no authority to make arrearages executory in favor of the wife, but is only authorized to fine the defendant the total amount of the due and unpaid alimony and order it paid to the wife, tutor or organization within a specified time— and if the husband defaults — the only recourse which the sentencing Court has is to commit him to prison for contempt. Inasmuch as the sentencing Juvenile (or Criminal) Court itself has no power to grant a wife the relief which plaintiff-appellant seeks in the Civil District Court, it follows logically that the latter Court cannot, under LSA-C.C.P. art. 2781, make a nonexistent judgment executory. The only recourse the wife has under the facts set out herein, aside from her right as a divorced woman, which she now is, to a civil action for alimony and child support, is to seek relief in the Juvenile Court of Orleans Parish through the District Attorney’s office under the provisions of LSA-R.S. *608 14:75, — where her former husband may be fined the amount of the unpaid alimony, which may be ordered paid to her within a specified time, in default of which the husband can be imprisoned.
The husband-appellee seeks damages in this Court for frivolous appeal. Although the legal question raised in this appeal seems clear, it nevertheless is novel and, as well as can be determined, has never before been passed on by our appellate courts. Considering that the right of appeal is highly favored under our law, that the question of intentional delay is not an issue herein, and recognizing the obvious frustrations which the wife has experienced since 1963 in seeking support from her husband, we are not disposed to grant the husband’s request for damages.
For the foregoing reasons the judgment of the lower Court maintaining defendant-appellee’s Exception of Lack of Jurisdiction is affirmed. Costs in both courts to be assessed against appellant-wife.
Affirmed.