REDMANN, Judge.
This court directed an alternative writ to the Juvenile Court, ordering either the transmittal of the record (without transcript) to this court, or the production to applicant of a cost-free transcript of those portions of testimony dealing with applicant’s (allegedly coerced) confession admitted into evidence in 1966 proceedings in which applicant was adjudged delinquent and committed to a state juvenile institution.
The record has been transmitted to us. We note that, since our granting of the writ, applicant has been released on parole. We conclude the question of applicant’s entitlement to proceed in forma pauperis has not become moot, since he remains under the effect of the adjudication and subject to the juvenile court’s jurisdiction, R.S. 13:1572, although on parole rather than in present custody.
The transcript of the forma pauperis hearing shows that applicant’s mother has lived for some ten years with a consort neither her husband nor the father of applicant. Her consort’s father also resides with them. The mother has in the past earned about $30 a week baby-sitting, but testified she had been unable to work during the year previous to the hearing because of diabetes. The consort earns $69 and nets $57 a week; his father receives “compensation” from an industrial accident of $45 a week. The juvenile judge observed that the combined “family” income exceeds $5,000 annually, placing them outside the poverty class.
But as a matter of law, the applicant has no legal right to any support from the mother’s consort, much less the consort’s father; even the mother has no community interest in the earnings of her consort, much less his father’s. Under these circumstances we conclude applicant is without means to pay for a transcript and, to the extent his attempted court actions make it necessary for him to have any part of it, the transcript must be provided without cost.
An allegation of a coerced confession being admitted into evidence might not entitle one to a transcript in all cases. But here an evidentiary hearing was denied on the ground that the earlier proceeding sufficiently considered the particular allegations now made concerning the voluntariness of the confession. The only way that ruling can be effectively reviewed is by a review of the pertinent portions of the earlier transcript. Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969).
Our writ is therefore made peremptory and the respondent Judge of the Juvenile Court is ordered to order and furnish to relator, Wilmer Garrison III, without cost to relator, within 30 days of this order, a transcript of those portions of the testimony taken in this matter relating to the voluntary nature of relator’s confession and its admission into evidence.
Writ made peremptory.