262 So.2d 815 (1972)
In re STATE of Louisiana In the Interest of Jerry TYLER.
No. 4810.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1972.
Rehearing Denied June 20, 1972.
*816 James Burnett Aime, Asst. Dist. Atty., Parish of Orleans, Juvenile Div., for appellee.
*817 Debra A. Millenson, New Orleans, for appellant.
Before SAMUEL, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
This is an appeal from a decree of the juvenile court adjudging Jerry Tyler, a 16-year-old minor, to be a delinquent child under the provisions of LSA-R.S. 13:1570 (A) (5). More specifically, the juvenile judge found that the minor did violate LSA-R.S. 14:35 by committing a simple battery by kicking and punching Detectives Israel Fields and Melvin Howard about their bodies without their consent. The incident occurred on September 14, 1970, about 8:30 p. m., at 3542 Piety Street in the City of New Orleans.
Appellant urges various objections to the validity of the adjudication. The first specification of error is that the juvenile court refused to quash the petition of delinquency absent a prior investigative hearing by the probation department. Such a hearing is alleged to be required prior to the filing of a petition under LSA-R.S. 13:1574, which provides:
"Whenever any person informs the court that a child is within the purview of R.S. 13:1561 through 13:1592, the court shall make a preliminary inquiry to determine whether the interests of the public or of the child require that further action be taken. Thereupon the court may make such informal adjustment as is practicable without a petition, or may authorize a petition to be filed by any person. * * *"
A careful reading of this statute reveals that "a preliminary inquiry" is necessary but not an "investigative hearing" as suggested by appellant. The purpose of the inquiry is for the court to determine if a justifiable basis exists for the filing of a petition in the interest of a juvenile.
The record does not evidence that a preliminary inquiry of the complaint was made by the probation department before the filing of the instant petition. However, during the course of argument, it was conceded that on prior occasions complaints against Jerry Tyler had been lodged with the juvenile court for appropriate action. In processing these previous offenses a preliminary inquiry and a social history were made by the probation department. We are of the opinion that this investigation is sufficient to satisfy the provisions of LSA-R.S. 13:1574, which prescribes that a preliminary inquiry shall be made prior to making an informal adjustment or authorizing the filing of a petition in connection with a charge of delinquency.
The appellant maintains that the juvenile court erred in ruling that the Louisiana Code of Criminal Procedure was not applicable in refusing to quash the petition of delinquency.
The thrust of the motion to quash is two-fold: first, that it improperly sets forth two separate offenses of simple battery in the one petition, which is in contravention of LSA-C.Cr.P. art. 493,[1] and also constitutes duplicity under LSA-C.Cr.P. art. 491;[2] and secondly, that under LSA-R.S. 13:1574 a preliminary hearing is a mandatory prerequisite to the filing of a petition for delinquency.
We have already disposed of the second contention and will concern ourselves with the first. In support of her position that the Code of Criminal Procedure is controlling in the instant proceeding, counsel relies upon LSA-C.Cr.P. art. 15, which, in pertinent part, reads:
"A. The provisions of this Code, except as otherwise specially provided by *818 other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile, and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures established or authorized by law for, those courts." (Emphasis ours.)
This article recites it is applicable to "criminal prosecutions" in juvenile court, however, the matter before us is not a prosecution but a hearing to adjudge delinquency.
The terminology of the statute by use of the words "criminal prosecutions" convinces us that Article 15 relates to the trial of adults by the juvenile court rather than juvenile proceedings. Additionally, LSA-R.S. 13:1573 lends further support to this conclusion in that it specifically provides:
"In the trial of adults coming within the jurisdiction of the juvenile court, the proceeding shall be in the same manner and subject to the same rules of procedure, evidence, etc., as the trial of an adult on a misdemeanor charge in any other court of criminal jurisdiction * * *."
By its very terms Article 15 is rendered inoperative when there are special procedures authorized by statute for these courts. LSA-R.S. 13:1574 provides for such a special procedure in that it authorizes the filing of a delinquency proceeding in the juvenile court by means of a petition. It therefore follows LSA-C.Cr.P. art. 493 relative to misjoinder of offenses in an indictment cannot be asserted to quash the allegations of a petition. We conclude that the motion to quash was properly denied.
Appellant argues the battery charges were not proven beyond a reasonable doubt. That argument is answered by the contention this appeal is only on the law and, alternatively, that the trial court's findings of fact are correct. The disposition of this assignment of error requires a consideration of our appellate authority.
Article 7, Section 29 of the Constitution[3] ordains the Courts of Appeal shall have appellate jurisdiction of matters appealed from the juvenile court except criminal prosecutions against persons other than juveniles. Our appellate review shall be on both law and facts except as otherwise limited by the Constitution to questions of law.
One of the exceptions is embodied in LSA-Const. Art. 7, § 96[4] relative to cases emanating from the Juvenile Court of Orleans Parish, that appeals on both law and fact lie from awards of custody of a juvenile and in adoption proceedings; however, in all other matters it is restricted solely to questions of law. A similar provision is incorporated in LSA-R.S. 13:1591 and made applicable to all juvenile courts throughout the State.
Thus, under the foregoing constitutional provisions, since an adjudication of delinquency involves the custody of the juvenile, our appellate review is on questions of both law and fact. Further, relating our jurisdiction to the particular issue *819 raised by appellant, we are required to determine whether the specific elements necessary to constitute a simple battery have been established beyond a reasonable doubt, thereby sustaining the adjudication of delinquency based upon the violation of this law.
The attack leveled by appellant addresses itself to the credibility of the witnesses, the determination of which falls within the province of the juvenile judge and will not be disturbed unless manifestly erroneous. The challenge is directed against the sufficiency of proof adduced rather than the lack of an essential element of the offense.
We have carefully reviewed all of the evidence, which consisted exclusively of the testimony of the two victims, Detectives Fields and Howard. While there are some minor variances in their testimony regarding certain insignificant details of the incident, we find that it is sufficient to establish beyond a reasonable doubt all of the essential elements of a simple battery as defined in LSA-R.S. 14:35.
Appellant also contends the court erred in failing to consider the recommendations of the probation department prior to disposition. In furtherance of this contention appellant cites LSA-R.S. 13:1579.1:
"In the hearing of all cases under this Part, involving petitions of juvenile delinquency or neglect, all facts connected therewith and all surrounding circumstances, including the environment and history of the child, together with any character of evidence, including hearsay evidence and opinion evidence which the court, in its discretion, may deem proper, may be admissible, and the testimony of the probation officer assigned to the case shall be admissible."
Appellant may be heard to complain if the testimony of the probation officer had been excluded by the court, but no offer of this testimony was made.
We also note that LSA-R.S. 13:1579.1 makes no mention of the probation report as suggested by appellant but only of the probation officer's testimony, which constitutes the best evidence of his findings.
The last issue raised by appellant is that his commitment to the Department of Corrections for an indefinite period violates his constitutional rights of due process and equal protection guaranteed by the Fourteenth Amendment. This contention is based on the fact that an adult's sentence under LSA-R.S. 14:35 would be up to the maximum of one year in prison while as a juvenile he could be held until his twentyfirst birthday.
United States v. York, 281 F.Supp. 8, (D.Conn.1968), is cited as holding that indeterminate sentencing violates the equal protection guarantees of the Fourteenth Amendment. This case struck down a a Connecticut statute which made it possible through indeterminate sentencing for women to serve greater prison sentences than men for the same crime. The state sought to justify the statute on the grounds that it provided special opportunities of reform and rehabilitation to women. The court, however, noted that the men received the same opportunities in their penal institutions. More importantly, the court itself went on to distinguish its ruling from juvenile proceedings when it stated:
"* * * [N]one of the special features which might justify distinguishing the state's treatment of juveniles from that it accords adults exist in the case of commitment of adult women to the State Farm. * * *" 281 F.Supp. at 15.
Possible longer sentencing for juveniles under the Federal Youth Corrections Act was held not to violate due process in Rogers v. United States, 326 F.2d 56 (10th Cir. 1963). A Texas statute allowing disparity of sentences of juveniles from adults in Smith v. State, Tex.Civ.App., 444 S.W.2d 941 (1969), was held constitutional. Also see Kotz v. United States, 353 F.2d 312 (8th *820 Cir. 1965), and Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958).
The logic of the cited cases convinces us that the indeterminate sentencing of juveniles does not violate the Fourteenth Amendment.
After a full consideration of all arguments we are convinced of the soundness of the lower court's adjudication and therefore affirm.
Affirmed.
NOTES
[1] LSA-C.Cr.P. art. 493 provides:

"No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts."
[2] LSA-C.Cr.P. art. 491 states:

"Duplicity is the inclusion of two offenses in the same count, except as otherwise provided in this Title."
[3] LSA-Const. Art. 7, § 29 provides in part.

"All appeals of which the courts of appeal have appellate jurisdiction as provided in this Section shall be on both the law and the facts, except where the appeal is limited to questions of law only by any other Section of this Constitution."
[4] LSA-Const. Art. 7, § 96 states in part:

"* * * An appeal shall lie on questions of law and of fact when the judgment of the court affects the custody, care or control of children under seventeen years of age, but such appeal shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court, unless the Supreme Court shall so order. An appeal also shall lie on questions of law and of fact in adoption proceedings. In all other cases an appeal shall lie on questions of law alone."