GULOTTA, Judge.
A writ of certiorari was granted from an order of the Juvenile Court denying a Motion for Appeal because the Motion was not timely filed.
The facts are that relator, Donald Leroy Williams, was found delinquent on April 21, 1972, under LSA-R.S. 13:1570A(5) for having stolen a purse in violation of LSA-R.S. 14:65. Disposition was deferred, and on May 19, 1972, relator was placed on probation pending further orders of the court. A Motion for Appeal was filed on May 29, 1972, more than 10 days after the date of the finding of delinquency but within 10 days from the date of disposition. It was denied on June 30, 1972.
We are confronted with the question of whether the time for filing an appeal in juvenile matters (i. e., delinquency and neglect) commences to run from the date of the finding of delinquency or from the date of disposition.
*919 LSA-R.S. 13:1591 provides:
“ * * * Appeals from any final judgment of a juvenile court must be taken within ten days after said judgment is signed, except that in adoption proceedings appeals shall be taken as is provided by law. * * * ”
Prior to July, 1972, there was neither constitutional nor statutory expression relating to juvenile matters wherein “final judgment” was defined. By Act 714 of 1972, the Legislature provided that a judgment shall be considered as final upon the pronouncement of disposition. However, this matter is not controlled by the recent legislative enactment since the denial of the pending appeal occurred prior to the 1972 act.
Moreover, we can neither look to the Code of Criminal Procedure nor to the Code of Civil Procedure. In the recent case of In Re State In Interest of Tyler, 262 So.2d 815 (La.App. 4th Cir. 1972), we held that the Code of Criminal Procedure is not applicable to juvenile matters,[1] and in the case of In re Diaz, 211 La. 1015, 31 So.2d 195, on page 196, the Louisiana Supreme Court stated that juvenile cases are not to be classed as civil or criminal in nature but are sui generis.
We, therefore, look to the constitutional authority and legislative expression relating to juveniles prior to 1970. Article 7, § 52 and § 96 of the Louisiana Constitution and LSA-R.S. 13:1561 through 13:1599, the general provisions relating to juvenile matters, refer to juvenile proceedings brought in the best interests and for the benefit and welfare of the child.[2] The Juvenile Court is concerned not only if the child commits an act which results in his being adjudged delinquent, but also in why he has resorted to such behavior; therefore, the disposition is an integral part of the juvenile proceedings. The hearing in Juvenile Court is composed of two parts, one, the fact-finding question of delinquency and the other, the matter of disposition. Historically, and before the United States Supreme Court pronouncements in Gault and Winship, supra, findings of delinquency and imposition of disposition in most instances were conducted in one proceeding. Under such procedure, the problems presented herein did not arise. However, since the landmark Supreme Court decisions, proceedings are separate and, for the most part, conducted in two parts. This procedure was followed by the trial judge.
A consideration of the statutory and jurisprudential authority leads us to the opinion that the finality of the juvenile proceeding is at the time that the court renders its disposition. Until then the purpose of the proceedings is not met. Accordingly, we hold that the juvenile proceedings become final at the time of disposition. This holding is consistent with Act 714 of 1972 and is also consistent with the line of jurisprudence which favors appeals.[3]
The order of the Juvenile Court denying the Motion for Appeal is set aside. The matter is now remanded to permit the trial judge to grant the Motion for Appeal and to set the return day as provided by law.
Reversed and remanded.

. In the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court held that juveniles are entitled to the constitutional guarantees of proper notice of the charges, right to counsel, right to confrontation and cross examination, protection against self incrimination, right to transcript and right to appellate review. In the case of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court determined that juvenile proceedings require evidence beyond a reasonable doubt.

. LSA-R.S. 13:1569, 13:1570, 13:1572, 13 ¡1574, 13 :15,75, 13 :1580, and 13:1592.

. Lakeside Rambler Sales, Inc. v. Durad Corporation, 228 So.2d 745 (La.App. 4th Cir. 1969); Márchese v. Schulte, 235 So. 2d 605 (La.App. 4th Cir. 1970).