SARTAIN, Judge.
This is an appeal from the Twentieth Judicial District Court sitting as a juvenile court. The youth involved, Dan Collins, was committed to the Louisiana Department of Corrections for an indefinite period and he appeals to this court.
The record sent up on appeal is very limited, consisting only of the usual indic-es; an extract of court minutes (which is unsigned); the petition with certificates of service; the notice and order of appeal; and a motion for release pending the outcome of this appeal, together with an order fixing bail bond for release during the appeal in the amount of $5,000.00.
The extract of court minutes recites that the hearing was held in Chambers on July *919 16, 1973, with the juvenile present, accompanied by his mother and a court appointed attorney. The minutes also reflect that the juvenile was arraigned, entered a plea of not guilty and then went to trial. The testimony of certain witnesses is given in digest form in the minutes, but the testimony of at least one witness, Tommy Mitchel, is not stated. Additionally, the minutes mention that Dan Collins is age 16; that he had several prior arrests in New Orleans; that he comes from a good family; and that his family is unable to control him. The extract of court minutes concludes with the statement that Collins was committed to the Louisiana Department of Corrections for an indefinite period.
The petition in the record recites the charge against the juvenile in the following terms:
“ . . . On the day of July 9, 1973, he did commit simple burglary by making an unauthorized entry into the house of Eddie Jones and committed theft therefrom of $14.00 in silver.”
It is noteworthy that no transcript of testimony is included in the record. Also, there is no indication as to when the court appointed attorney was appointed.
On appeal, the juvenile, who is now represented by other counsel, makes the following charges of error by the juvenile court:
(1) That the record is so vague and incomplete that the conviction should be reversed or in the alternative a new trial should be ordered.
(2) That the haste with which the proceedings were conducted requires that the finding be set aside.
(3) That the State failed to inform the juvenile and his parent of the right to counsel and that the record does not show when the attorney was appointed to represent the juvenile.
(4) That the finding of delinquency cannot be based on hearsay evidence and unsworn testimony while the present record reflects that the juvenile court may have relied upon the juvenile’s arrests in New Orleans and on the statement that the family was unable to control him.
On the basis of the errors recited, it is urged that the commitment of the juvenile should be reversed and the charge against him dismissed, or, in the alternative, that a new trial should be granted.
We are of the opinion that a new trial should be granted because of certain defects and deficiencies in the record, but principally because there is no transcript of the testimony adduced at the time of the hearing. This makes it unnecessary that we specifically discuss the particular assignments of error listed above. We do this because until the transcript of the testimony is before us, any pronouncement by us relative to the assignment of errors is premature. Further, absent a transcript of the testimony any expression by us as to the merits of the case would be purely advisory and premised on certain assumptions that may or may not be borne out by the testimony itself. In the case State In Interest of Aaron, 266 So.2d 726 (3rd La. App., 1972), our brethren of the Third Circuit discussed at length the applicability of L.R.S. 13:1579 and concluded that a juvenile court is required by law to record juvenile proceedings and to make the testimony available for, transcription in the event of an appeal and particularly where the record indicates that the juvenile and/or his guardian are financially unable to pay for the transcript. Here, counsel was appointed to represent the juvenile because of his indigency and it necessarily follows that the juvenile in the instant matter is entitled to a copy of the proceedings to the end that he may effectively appeal.
Accordingly, for the above reasons, the adjudication of delinquency and the commitment of the juvenile to Louisiana Department of Corrections for an indefinite *920 period is set aside and this matter is remanded for further proceedings.
Commitment set aside; case remanded.
WATSON, Judge ad hoc.
I agree that the commitment should be set aside and that a new hearing should be had. However, since there are four particular specifications of error, I think it appropriate to comment on these with a view to assisting in the avoidance of error on new hearing. My colleagues prefer to base the remand on the absence of a transcript and to avoid discussion of the other charges of error; I think all should be reviewed for the possible guidance of the parties and the trial court on new hearing.
As to the first alleged error, the incomplete and vague record, a meaningful review on appeal is impossible without a substantial record of the proceedings in the juvenile court. There is a question as to whether juvenile proceedings are civil or criminal in nature, but on appeal the appellant is entitled to a review of the law and the facts. In re State In Interest of Tyler, 262 So.2d 815 (La.App. 4 Cir. 1972). In the record before us there are no bills of exception as in criminal matters and there is no transcript of the proceedings or statement of facts as in civil matters. There is a clear provision in the law that juvenile hearings shall be reported or recorded, and the party desiring a transcript for appeal purposes shall either pay the cost of a transcript or, if he is unable to do so, it shall be furnished free of charge. LSA-R.S. 13:1579. While there is no showing in the record that the appellant is financially unable to pay for a transcript, I agree that the fact that counsel was appointed for him is an indication that he and his family would probably be entitled to a transcript without payment.
Therefore, on the basis of the fact that there is no transcript of the proceedings, and, as a consequence, no effective appellate review, I agree that the finding of delinquency should be set aside. Cf. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Also see State In Interest of Garrison, 242 So.2d 110 (La. App. 4 Cir. 1970), and State In Interest of Aaron, 266 So.2d 726 (La.App. 3 Cir. 1972).
As to the second complaint of error, that is, the haste with which the proceedings were conducted, I believe that certain observations are in order. There is nothing inherently wrong in conducting juvenile proceedings with speed and dispatch; indeed, this is a type of judicial proceeding in which delay should be avoided when at all possible. The question, I believe, is not whether the juvenile was arrested and brought to trial some seven days later, but is whether his counsel was appointed in time to adequately prepare for the hearing. There is no evidence in the recQrd that counsel requested a continuance and, absent such a showing, the mere fact that only a brief period of time elapsed between the arrest and the hearing is not sufficient in my opinion to strike the proceedings with nullity.
More serious, I think, is the fourth assignment of error which relates to appellant’s contention that the record, as it stands, tends to show that the court may have taken into consideration the juvenile’s arrests in New Orleans and his family situation in determining delinquency. It is clear that, under LSA-R.S. 13:1579.1, the State must prove the juvenile’s guilt beyond a reasonable doubt and hearsay evidence or unsworn testimony is not to be admitted. In re State In Interest of Elliott, 206 So.2d 802 (La.App. 2 Cir. 1968); Application of Gault, supra.
In view of the rule that hearsay and un-sworn testimony are not to be taken in delinquency proceedings, I believe two hearings imperative in juvenile proceedings: first, on delinquency; and then, if necessary, on disposition. In other words, a valid juvenile proceeding must include a hearing in which only the question of delinquency is determined, and then, if the juvenile is found delinquent, a hearing must be held as to the disposition of the case. These may be held on the same day and the second may immediately follow the first if the parties are ready, but they may *921 not be mixed. Or, if the juvenile readily admits his commission of acts constituting delinquency and if there is evidence corroborative of the admission, I see no error in the juvenile court stating its conclusion of delinquency and then proceeding forthwith to a hearing of disposition.
I believe that it is error for a juvenile judge, prior to a delinquency determination, to receive a report from a probation officer or to take testimony from a probation officer or from other interested parties as to the past history of the juvenile, his school situation, his family background, his previous encounters with the law and other matters related only to the question of disposition. Furthermore, I suggest, and logic confirms, that it is not necessary to consider the social and family history of a youth in order to determine delinquency. Constitutional procedures as well as Louisiana statutory law require that delinquency be determined without reference to these matters. Application of Gault, supra; LSA-R.S. 13:1579.1.
With these additional comments, I concur in the principal opinion.