JONES, Judge,
dissenting:
I respectfully dissent.
The essential facts of this case are not in dispute. The office of the Nabors Oil Company was burglarized on or about December 28, 1975. On December 29, 1975, Raymond Campbell, a 16 year old juvenile, was arrested in connection with that burglary, which he denied committing. The Mansfield Police officers who made this arrest testified the arrest was based upon information provided by an informer who was with the juvenile at the time of the burglary. Raymond was then released on a bond signed by his mother.
On January 23, 1976, Raymond was taken into custody about 3:00 P.M. in connection with the discharge of a firearm within the city of Mansfield. This detention was based upon an eyewitness to the incident advising the Mansfield Police that she saw the juvenile fire the gun. He was taken to the city jail, informed of his rights, and interrogated by several members of the police force. After denying any involvement, Raymond was released some time after 4:00 P.M. and he returned home to his mother.
At this time the Mansfield Police Department had complied with the provisions of LSA-R.S. 13:1577, in connection with their investigation of the burglary charge and the firearm charge, and returned the accused juvenile to his mother as mandated by the statute, since there was no reason it was impractical or inadvisable to do so. Although it appears that the investigation of these two criminal violations had proceeded to a point where the Mansfield Police Department had adequate information to justify their filing a petition with the juvenile court seeking to have the minor Campbell adjudicated a delinquent, they did not do so.
Apparently dissatisfied with the boy’s failure to earlier confess to the two charges, the Mansfield Police Department sent five members of the force to Raymond’s home at 9 P.M. on the same evening where they again took him into custody and returned him to the police station. Raymond was informed of his rights, although there was no indication- whether or not he understood them.
Raymond’s mother arrived at the station shortly after Raymond arrived. In the presence of his mother Raymond was subjected to intensive interrogation for about 20 minutes, conducted simultaneously by five members of the police department. During this period Raymond denied involvement in either the firearm charge or the burglary.
The interrogating officers, becoming dissatisfied with the lack of results from the interrogation, and suspecting Raymond would be more likely to confess out of the presence of his mother, asked Raymond’s mother to leave the room. Although somewhat ambiguous about surrounding events, the police testified that after his mother had been gone from the room about 30 minutes, Raymond admitted both the firearm charge and the burglary.
Raymond was then placed in jail, and remained there about 64 hours. This was in violation of the mandate of LSA-R.S. 13:1577, as there had been no change in *716 circumstances which would indicate Raymond’s appearance at a court hearing would be unlikely, and thus justify his incarceration. It is significant that Raymond had been voluntarily released to his mother a few hours earlier on the firearm charge, and his mother had posted a bond on the burglary charge 30 days earlier and obtained his custody.
Raymond was released to the juvenile probation officer about 3 P.M. on Monday afternoon. The officer took Raymond to an office in the courthouse and talked with him about the burglary. After a discussion, Raymond wrote out a confession to the December burglary of Nabors Oil Company. Neither Raymond’s parents nor any other advisor was present during this time. Additionally, Raymond had not been allowed to speak to his parents since Friday night when he was placed in jail, nor had he ever obtained legal counsel. After writing the confession, Raymond was released to his parents.
The law is clear that a juvenile proceeding is not civil or criminal, but is sui generis. In Re Estate In Interest of Curley, 287 So.2d 558 (La.App., 1st Cir. 1973). Juvenile proceedings are not criminal proceedings and do not involve convictions but rather adjudications of delinquency. In Re State In Interest of Taylor, 255 So.2d 361 (La.App., 1st Cir. 1971). However, a juvenile court delinquency proceeding is required by the due process clause of the Fourteenth Amendment to measure up to the essentials of due process and fair treatment. The juvenile and his parents or guardian must receive constitutionally adequate notice of the hearing, must be informed of the right to counsel, and must be informed of the privilege against self incrimination. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). A confession by a juvenile is likewise required to be voluntary, and not to have been extracted by methods in violation of the due process requirements of the Fourteenth Amendment. Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948).
The State of Louisiana has imposed additional requirements on juvenile proceedings. See LSA-R.S. 13:1561 et seq., especially LSA-R.S. 13:1577, quoted in the majority opinion. A reading of the cases interpreting R.S. 13:1577, especially In Re Garland, 160 So.2d 340 (La.App., 4th Cir. 1964), In Re White, 160 So.2d 344 (La.App., 4th Cir. 1964) and In Re State In Interest of Wesley, 285 So.2d 308 (La.App., 4th Cir. 1973), indicate there is a strong presumption against the voluntariness of a confession given by a juvenile while out of the presence of his parents or counsel. This presumption is additionally supported by the paternalistic concept of juvenile proceedings. Although State v. Melanson, 259 So.2d 609 (La.App., 4th Cir. 1972) holds to the contrary, this decision has been strongly criticized by the same court in State, In Interest of Holifield, 319 So.2d 471 (La.App., 4th Cir. 1975).[1] Also see Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962).
The situation presented in this case is exactly the type of situation at which the statute and the jurisprudence are aimed. After the police take a juvenile into custody late one evening, some 30 days after his initial arrest, interrogate him out of his parents’ presence, and hold him incommunicado for 64 hours in the city jail, how can it be said a written “confession” given to a juvenile officer immediately prior to the juvenile’s release is voluntary? This written confession should have been suppressed.
The majority recognizes the verbal confession given to the officers after they deliberately removed the boy’s mother from the interrogation room is involuntary. Its admission into evidence alone demands reversal of the adjudication of delinquency.
In State In Interest of Simon, 295 So.2d 473 (La.App., 3d Cir. 1974), the court stated:
*717 “We believe it to be reversible error for a juvenile court to receive . . . [inadmissible] hearsay evidence, opinions, and recommendations prior to making an adjudication. In re State In the Interest of Elliott, 206 So.2d 802 (La.App., 2d Cir. 1968); Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).”
See also State In Interest of Simmons, 299 So.2d 906 (La.App., 3d Cir. 1974); State In Interest of Prestridge, 323 So.2d 868 (La.App., 2d Cir. 1975).
If introduction of inadmissible hearsay mandates reversal, surely the introduction of a constitutionally infirm oral confession can do no less.
Finally, those articles of the Louisiana Code of Criminal Procedure upon which the majority rely, especially C.Cr.P. art. 921, lend no support to their decision, since the provisions of the Code of Criminal Procedure are inapplicable to juvenile proceedings. State In Interest of Braswell, 294 So.2d 896 (La.App., 2d Cir. 1974); In Re State In Interest of Tyler, 262 So.2d 815 (La.App., 4th Cir. 1972); In Re State In Interest of Williams, 267 So.2d 918 (La.App., 4th Cir. 1972).
I think the judgment of the trial court should be reversed.

. Cases such as State v. Whatley, 320 So.2d 123 (La.1975) and State v. Ghoram, 328 So.2d 91 (La.1976) are easily distinguishable since, although they involve juveniles, they are not juvenile proceedings but are criminal proceedings and not within the purview of LSA-R.S. 13:1571.