LOTTINGER, Judge.
Mover-relator Kenneth Banks, a juvenile, has petitioned this court seeking the exercise of our supervisory jurisdiction to suspend the execution of the judgment of disposition, pursuant to La.C.J.P. art. 103, and to order the setting of bond pursuant to Article 1, Section 18, La.Const. (1974). We deny the motion and request for writs.
Banks was adjudicated delinquent, by a plea of guilty, for violation of La.R.S. 14:34, aggravated battery, on December 3, 1980. The dispositional hearing in this matter was held on January 14, 1981, at which time Banks was committed to the Department of *278 Corrections until January 24, 1982. Defense counsel objected to the sentence, filed a written motion for appeal on January 23, 1981, and moved for suspension of execution of the judgment of disposition and for the setting of bond pending the outcome of the appeal. The trial court denied both motions. Banks is currently being held in detention, without bond, pending the outcome of this writ application.
This court in State of Louisiana in the Interest of Chris Aaron, No. 13930 on the docket of this court refused writs on August 18, 1980, wherein the relator sought bond pending trial. In support of the writ refusal this court cited Article 1, Section 18 and Article 5, Section 19, La.Const. (1974). On September 18, 1980, the Louisiana Supreme Court in their docket number 80-K-2131 granted writs and remanded to the trial court to fix bail, 390 So.2d 208. We are of the opinion that the Aaron case is not controlling because that case dealt with bond pending trial vis-a-vis bond pending appeal.
The Supreme Court in Aaron gave no reasons, but it can be assumed that bail was ordered because of the federal constitutional guarantee to bail pending trial. There is no federal constitutional guarantee of bail after conviction and pending appeal.
Article 1, Section 18, La.Const. (1974) provides a state constitutional guarantee of bail during trial as well as after conviction. However, Article 5, Section 19, La.Const. (1974) is concerned specifically with juvenile procedures and the “detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday.” The Constitution provides that the procedures shall be provided by law. Article 1, Section 18 is general in nature, whereas Article 5, Section 19 is special in that it deals exclusively with juvenile procedures. As between the two, standard statutory interpretative rules require that the special vis-a-vis general statute or constitutional provision control. Thus we conclude that Article 5, Section 19 is controlling, and as such, the Constitution granted to the legislature the authority to establish juvenile procedures. However, even though the state’s constitution grants to the legislature the establishment of juvenile procedures, those procedures cannot deny any rights guaranteed by the federal constitution. Thus, bail pending conviction cannot be denied, whereas bail pending appeal can be.
La.C.J.P. art. 103 provides: “The effect of a judgment of disposition shall not be suspended by an appeal unless the trial court or court of appeals directs otherwise.” Nothing has been presented in the application for writs to cause us to believe that the trial judge abused the discretion granted him by Article 103.
Therefore, for the above and foregoing reasons, the motion to suspend the effect of the judgment of disposition as well as the application for supervisory writs are denied.
MOTION DISMISSED AND WRITS REFUSED.
PONDER, J., dissents and assigns reasons.