LANIER, Judge,
dissenting.
I dissent from the majority opinion because (1) it does not contain a complete statement of pertinent facts; (2) it uses a patent error review as provided for in La.C. Cr.P. art. 920, which is contrary to La.C. J.P. arts. 24 and 97 and La.C.Cr.P. art. 15; and (3) it applies hypertechnical pleading (notice) requirements of criminal proceedings to these juvenile delinquency proceedings contrary to La. Const, of 1974, art. I, § 19, La.C.J.P. arts. 24, 47, 48 and 50, La.C.Cr.P. art. 15 and La.C.C.P. arts. 1154 and 1635.
PATENT ERROR
For the reasons assigned in State in Interest of Handy, 559 So.2d 795 (La.App. 1st Cir.1990), I do not agree that juvenile delinquency proceedings are subject to a patent error review, as provided for in La. C.Cr.P. art. 920.
FACTS
By written petition filed January 28, 1988, the juvenile was charged with being a *803 delinquent child by committing purse snatching from “3 different females” in violation of La.R.S. 14:65.1. La.C.J.P. arts. 47 and 48. On February 22, 1988, the juvenile, through her court appointed counsel, orally denied the allegations of the petition. La.C.J.P. art. 55. The trial of this case was fixed for March 21, 1988. The minute entry for March 21, 1988, shows that “[P]lea bargain fell through,” and the trial was continued to April 11, 1988. On April 11, 1988 the State amended the petition in writing to plead one offense of accessory after the fact to simple robbery, in violation of La.R.S. 14:25 and 65. La.CJ.P. art. 50. Apparently there were plea bargain negotiations. The minute entry for April 11, 1988, shows the following:
On motion of Mr. Best, Judge Moseley recussed [sic] himself from this case after the previously arranged plea bargain fell apart in Court. The case was reallot-ted [sic] Division “A” and scheduled for appearance hearing on April 15, 1988 at 10:00 a.m.
Further, the trial on petition 60,667 was passed by consent and reassigned for May 2, 1988 at 1:30 p.m.
Judge Moseley wrote the following on the face of the petition and signed it:
The petition was amended on motion of the D.A. pursuant to a plea bargain agreement. However, the agreement broke down. The Court ordered that the juvenile be tried on the original charge, and recused itself and ordered that the case be allotted to another Division. (Emphasis added)
On April 15, 1988, the juvenile again orally denied the allegations of the petition, and the case was set for trial on July 1, 1988.
The following is the written minute entry for July 1, 1988, which was made in this case:
FRIDAY, JULY 1, 1988 JUVENILE NO. 60,602 AMENDED STATE OF LOUISIANA IN THE INTEREST OF ANEKO LAVERN NEWTON
Trial passed to September 9, 1988 at 1:30 p.m. on motion of the Assistant District Attorney.
Further, the petition was amended to change the allegation in Count # 1 to read as follows: “Said juvenile violated La.R.S. 14:65.1 in that she did commit a theft of property contained in a purse or wallet from the person or in the control of Kay Hammond by use of force or intimidation without being armed with a dangerous weapon. Said offense occurred in the Parish of East Baton Rouge.”
Further, Count #2 was added to the petition as follows: “Said juvenile violated La.R.S. 14:65.1 in that she did commit a theft of property contained in a purse or wallet from the person or in the control of Norma Lord by use of force or intimidation without being armed with a dangerous weapon. Said offense occurred in the Parish of East Baton Rouge.
Although this minute entry was reduced to writing, .it was not physically placed on the petition.
On September 9, 1988, by joint motion of counsel for the State and counsel for the juvenile, the trial was continued to December 9, 1988. On February 17,1989 the case went to trial. At no time did the juvenile object to the fact that the petition itself was not amended in writing to reflect the contents of the written minute entry. The juvenile did not seek a continuance of the February 17, 1989 trial date. The transcript of the trial reflects a vigorous and competent defense by the juvenile’s counsel to both counts of purse snatching. No claim of surprise, or any other type of prejudice, has been asserted in the trial court, or this court, about going to trial on the two counts of purse snatching.
NOTICE FOR JUVENILE DELINQUENCY CHARGES
La. Const, of 1974, art. V, § 19 provides, in pertinent part, as follows:
The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile *804 procedures which shall be provided by law. (Emphasis added)
The legislative branch of Louisiana state government has exercised this power by enacting the Code of Juvenile Procedure. Acts 1978, No. 172.
This is a juvenile proceeding concerning the delinquency of a child. La.C.J.P. art. 13(7), (9), (12) and (17). Article 24 of the Code of Juvenile Procedure provides, in pertinent part, as follows:
The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction. (Emphasis added)
When the word shall is used in the Code of Juvenile Procedure, it is mandatory. La. C.J.P. art. 4.
The form and content of petitions in juvenile cases are provided for in La.C.J.P. arts. 47 and 48. La.C.J.P. art. 47(D), pertaining to the form of a petition, provides as follows:
Failure to comply with formal requirements of this Article shall not be grounds for dismissal of a petition or invalidation of the proceedings unless it results in substantial prejudice. (Emphasis added)
La.C.J.P. art. 50(C), pertaining to amendments to petitions, provides as follows:
If a petition is amended prior to the adjudication hearing to include new allegations of fact or requests for adjudication, the child may request a continuance of the adjudication hearing. A continuance may be granted for such period as is required in the interest of justice.
La.C.J.P. art. 24 provides, in pertinent part, as follows:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters.
There is no provision in the Code of Juvenile Procedure pertaining to amendment of the pleadings to conform to the evidence. La.C.C.P. art. 1154 provides as follows:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
Finally, there is no provision in the Code of Juvenile Procedure pertaining to exceptions or objections to rulings of the trial court. Pursuant to La.C.C.P. art. 1635, the failure to object to an error in a trial court at the time it is made constitutes a waiver of the right to complain of the error on appeal. Schoonmaker v. Capital Towing Co., 512 So.2d 480 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (La.1987); Oh v. Allstate Insurance Company, 428 So.2d 1078 (La.App. 1st Cir.1983); State in the Interest of Williams, 421 So.2d 431 (La.App. 1st Cir.1982). The defendant juvenile did not object to the oral amendment, or to going to trial on the two counts of purse snatching in the trial court, and she does not assign error concerning these actions in this court.
In State in the Interest of Banks, 409 So.2d 277 (La.App. 1st Cir.), affirmed, 402 So.2d 690 (La.1981), a juvenile admitted he committed aggravated battery in violation of La.R.S. 14:34 and was adjudicated a delinquent. He was ordered committed to the Department of Corrections until his 18th birthday (approximately one year). The juvenile appealed and requested bail *805 during the appeal. The juvenile judge denied bail, apparently relying on La.C.J.P. art. 103 which provides that an appeal does not suspend a disposition unless otherwise ordered by the court. The juvenile then sought supervisory relief from this court contending he had a right to bail on appeal under La. Const, of 1974, art. I, § 18 because the sentence imposed was less than 5 years. This court at 409 So.2d 278 refused to exercise our supervisory jurisdiction with the following rationale:
Article 1, Section 18, La.Const. (1974) provides a state constitutional guarantee of bail during trial as well as after conviction. However, Article 5, Section 19, La. Const. (1974) is concerned specifically with juvenile procedures and the “detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday.” The Constitution provides that the procedures shall be provided by law. Article 1, Section 18 is general in nature, whereas Article 5, Section 19 is special in that it deals exclusively with juvenile procedures. As between the two, standard statutory interpretative rules require that the special vis-a-vis general statute or constitutional provision control. Thus we conclude that Article 5, Section 19 is controlling, and as such, the Constitution granted to the legislature the authority to establish juvenile procedures. However, even though the state’s constitution grants to the legislature the establishment of juvenile procedures, those procedures cannot deny any rights guaranteed by the federal constitution. Thus, bail pending conviction cannot be denied, whereas bail pending appeal can be.
La.C.J.P. art. 103 provides: “The effect of a judgment of disposition shall not be suspended by an appeal unless the trial court or court of appeals directs otherwise.” Nothing has been presented in the application for writs to cause us to believe that the trial judge abused the discretion granted him by Article 103. (Emphasis added)
The Louisiana Supreme Court granted a supervisory writ to review the juvenile’s contention that his state and federal constitutional rights to bail and due process were violated. State in the Interest of Banks, 397 So.2d 800 (La.1981). In Banks, 402 So.2d at 693-694, the Louisiana Supreme Court found no violation of the Louisiana constitution with the following rationale:
1974 Constitution
As previously mentioned, the 1974 Constitution’s bail provision is similar to the bail provision in the 1921 Constitution. Art. I, § 18, located in the Declaration of Rights, phrases the guarantee in terms of “trial,” “conviction,” and “sentence.” This terminology is traditionally applicable only in the context of criminal prosecutions, and suggests that the redactors did not intend to extend the guarantee to juvenile delinquency adjudications.
Regarding the juvenile provision, the language in the 1921 Constitution denying juveniles the right to a suspensive appeal was not carried over. Rather, the redactors of the 1974 Constitution mandated that the legislature should provide special juvenile procedures. La. Const, art. V, § 19.
[[Image here]]
The 1921 Constitution had spelled out in detail that suspensive appeals were not available to juveniles. The 1974 Constitution does not address the matter, but instructed the legislature to devise special juvenile procedures. J.C.P. 103 is one of those special procedures enacted by the legislature pursuant to that constitutional mandate. We conclude from this that J.C.P. 103 is a valid exercise of legislative power and does not contravene the right to bail accorded to defendants in the Declaration of Rights.
(Emphasis added)
In analyzing the juvenile’s federal constitutional rights, the court observed that “the applicable due process standard in juvenile proceedings is fundamental fairness,” and that federal due process does “not superimpose completely the constitutional rights assured to adults into juvenile delinquency *806 adjudications.” (For example, juveniles are not entitled to a trial by jury, La.C.J.P. art. 72.) Banks, 402 So.2d at 694-695. The court then found no federal due process violation with the following rationale:
We conclude that the juvenile’s right to bail ends once the delinquency determination has been made. Prior to the adjudication, bail is available to the juvenile as part of the procedural due process to which he is entitled. After he has been found to be delinquent, however, the [In Re] Gault [387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)] requirements are not operative and due process is not offended when the juvenile is denied bail pending appeal.
Banks, 402 So.2d at 695.
The majority holds that due process requires that “[J]ust as an adult criminal is entitled to written notice of the charges against him ... a juvenile charged as delinquent on the basis of criminal conduct is also entitled to the same written notice,” citing La. Const, of 1974, art. I, §§ 2 and 13; La.C.Cr.P. arts. 383, 384 and 385 and some criminal cases interpreting them; and State in the Interest of Batiste, 367 So.2d 784 (La.1979). The majority does not consider La. Const, of 1974, art. V, § 19; La.C. J.P. arts. 24 and 50; La.C.Cr.P. art. 15; La.C.C.P. art. 1154; or Banks.
La. Const, of 1974, art. I, § 2 provides that no person shall be deprived of life, liberty or property, except by due process of law. This provision merely continued existing law with its “federal and state judicial encrustations.” L. Hargrave, The Declaration of Rights of the Louisiana Constitution of 197j, 35 La.Law Rev. 1, 4-6 (1974). La. Const, of 1974, art. I, § 13 provides, in pertinent part, that “[I]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” (Emphasis added) A juvenile delinquency proceeding is not a criminal prosecution. State in the Interest of Williams, 411 So.2d 517 (La.App. 1st Cir.1982). This provision is discussed in L. Hargrave, supra, at 44-45 as follows:
The section also treats the rights of the accused at points in the criminal justice process further removed from the arrest. It repeats the formula of Article I, § 10 of the 1921 Constitution in providing that an accused shall be informed of the nature and cause of the accusation against him. The committee had proposed that the accused be precisely informed in a deliberate attempt to require more stringent standards and to overturn existing jurisprudence. Rejecting the committee language, the convention first changed it to “reasonably informed” and then ultimately voted to continue the existing language without an adjective. The effect is to continue existing jurisprudence in the area, particularly that approving the short-form indictment, and avoids a possible return to an older conception emphasizing the technicalities of indictment forms. (Emphasis added) (Footnotes omitted)
Further, La. Const, of 1974, art. I, § 13, must be construed in pari materia with La. Const, of 1974, art. V, § 19.
La.C.Cr.P. arts. 383, 384 and 385 pertain to criminal indictments, informations and affidavits. The provisions of the Code of Criminal Procedure are not applicable to a juvenile delinquency proceeding. La.C. Cr.P. art. 15(A) provides as follows:
The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile, and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures established or authorized by law for, those courts.
(Emphasis added)
State in the Interest of Tyler, 262 So.2d 815 (La.App. 4th Cir.1972). Thus, it has been held that the sentencing guidelines of La.C.Cr.P. art. 894.1 and the misjoinder of offenses provision of La.C.Cr.P. art. 493 are not applicable in juvenile delinquency proceedings. State in the Interest of Win *807 stead, 385 So.2d 311 (La.App. 1st Cir.1980); Tyler, 262 So.2d at 818. Pursuant to La. Const. of 1974, art. V, § 19, notice in juvenile proceedings is provided for in La.C.J.P. arts. 45-52.
In Batiste, the juvenile was charged with two counts of theft and he was adjudicated as guilty of the responsive verdict of unauthorized use of a movable.[1] The notice issue decided by the court was “whether a child adjudged to be delinquent, because of a lesser offense included within the crime alleged in the petition, has been denied the right to be informed of the nature and cause of the accusation against him.” Batiste, 367 So.2d at 786-787. The court ruled notice was adequate with the following rationale:
The petition filed against Batiste in this case set forth the charged offense as well as the specific allegations of misconduct which formed the basis for the charged offense. Because of the intimate legal and practical relationship between the charged crime, theft, and the lesser included offense of unauthorized use of a movable, we conclude that the petition was sufficient to put the juvenile’s defense on notice that it would be required to defend against the lesser included offense.
The Batiste case was decided in the trial court before the Code of Juvenile Procedure went into effect on January 1, 1979. Acts 1978, No. 172, § 1; State in the Interest of Batiste, 359 So.2d 1077 (La.App. 3rd Cir.1978). Thus, Batiste is distinguishable from the instant case. Further, Batiste has been superceded by Banks.
The real issue in the majority’s patent error review is whether the juvenile was constitutionally denied fundamental fairness under due process by the statutory scheme[2] provided for in La. Const, of 1974, art. V, § 19, La.C.J.P. arts. 24, 47, 48 and 50, and La.C.C.P. arts. 1154 and 1635 as applied to the facts of this case. Thus, the majority’s patent error review really involves an attack upon the constitutionality of the Louisiana Code of Juvenile Procedure for denial of procedural due process to a juvenile charged with being a delinquent. See Application of Gault, 387 U.S. 1, 4, 87 S.Ct. 1428, 1431, 18 L.Ed.2d 527 (1967).
In Gault, 387 U.S. at 33-34, 87 S.Ct. at 1446-1447 procedural due process in giving notice of charges was discussed as follows:
We cannot agree with the court’s conclusion that adequate notice was given in this case. Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must “set forth the alleged misconduct with particularity.” It is obvious, as we have discussed above, that no purpose of shielding the child from the public stigma of knowledge of his having been taken into custody and scheduled for hearing is served by the procedure approved by the court below. The “initial hearing” in the present case was a hearing on the merits. Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it *808 would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Due process of law requires notice of the sort we have described — that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding.53 It does not allow a hearing to be held in which a youth’s freedom and his parents’ right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet. Nor, in the circumstances of this case, can it reasonably be said that the requirement of notice was waived,54
53 For application of the due process requirement of adequate notice in a criminal context, see, e.g., Cole v. State of Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); In re Oliver, 333 U.S. 257, 273-278, 68 S.Ct. 499, 507-510, 92 L.Ed. 682 (1948). For application in a civil context, see, e.g., Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Cf. also Chaloner v. Sherman, 242 U.S. 455, 37 S.Ct. 136, 61 L.Ed. 427 (1917).
[[Image here]]
54 Mrs. Gault’s "knowledge” of the charge against Gerald, and/or the asserted failure to object, does not excuse the lack of adequate notice. Indeed, one of the purposes of notice is to clarify the issues to be considered, and as our discussion of the facts, supra, shows, even the Juvenile Court Judge was uncertain as to the precise issues determined at the two "hearings." Since the Gaults had no counsel and were not told of their right to counsel, we cannot consider their failure to object to the lack of constitutionally adequate notice as a waiver of their rights. Because of our conclusion that notice given only at the first hearing is inadequate, we need not reach the question whether the Gaults ever received adequately specific notice even at the June 9 hearing, in light of the fact they were never apprised of the charge of being habitually involved in immoral matters.
(Emphasis added) (footnote omitted)
Gault cites Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-315, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950) which provides as follows:
Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.
[[Image here]]
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... The notice must be of such nature as reasonably to convey the required information, ... and it must afford a reasonable time for those interested to make their appearance, ... But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. “The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.”
The determinative facts of this case show the juvenile was charged by a written petition filed on January 28, 1988, with purse snatching from “3 different females.” On February 22, 1988, through court appointed counsel, the juvenile denied the allegations of the petition and a trial was fixed for March 21, 1988. The record before us does not reflect that the juvenile sought discovery or a bill of particulars. La.C.J.P. arts. 59 and 63. On April 11, 1988, plea bargain negotiations were held; the State amended the petition from purse snatching from “3 different females” to accessory after the fact to simple robbery; the plea bargain negotiations broke down; and the juvenile judge (Moseley) ordered in writing on the face of the petition that “the juvenile be tried on the original charge,” which was purse snatching from “3 dif *809 ferent females.” Judge Moseley recused himself and the case was reallotted to Judge Jennifer Luse. On July 1, 1988, the State orally amended the petition from purse snatching from “3 different females” in one paragraph to one count of purse snatching from Kay Hammond and one count of purse snatching from Norma Lord. This oral amendment was reduced to a written minute entry, but it was not physically placed on the petition. The trial of the case was not held until seven and one-half months later, on February 17, 1989. Counsel for the juvenile vigorously and competently defended the juvenile on both counts. No objection to the pleadings were raised in the trial court, or in this court.
The reason for due process notice requirements is to give a party an adequate opportunity to prepare a defense and to raise pertinent objections. Commencing on January 28, 1988, the juvenile herein had written notice that she would have to defend a claim of purse snatching from “3 different females,” who were unnamed. The original “3 different females” charge was reinstated by written order of the trial court judge on the face of the petition after plea bargain attempts failed. The juvenile went to trial on purse snatching charges involving 2 different named females, instead of three unnamed ones. Under the particular facts and circumstances of this case, there is no procedural due process violation concerning notice. Even if there were, it was validly waived.
The code of criminal procedure provides for the joinder of counts (charges of crime) in the same indictment or information. La.C.Cr.P. arts. 490-495.1. These statutes do not apply to juvenile proceedings. La.C.J.P. art. 24; La.C.Cr.P. art. 15; Tyler. Rather, the form of a juvenile petition is controlled by La.C.J.P. art. 47, which provides, in pertinent part, as follows:
B. Allegations of fact shall be simple, concise, and direct and shall be set forth in numbered paragraphs. As far as practicable, each paragraph shall be limited to a single set of circumstances.
[[Image here]]
D. Failure to comply with formal requirements of this Article shall not be grounds for dismissal of a petition or invalidation of the proceedings unless it results in substantial prejudice.
The original petition alleged purse snatching from 3 different unnamed females in one paragraph. Technically, pursuant to La.C.J.P. art. 47(B), it should have had a separate numbered paragraph describing each of the 3 purse snatching incidents. However, the juvenile did not object to this form of the petition. The State orally amended the petition to name the two females upon whom it contended the purse snatchings were committed. This certainly benefited the juvenile; it would be absurd to say it did not. The juvenile suffered no substantial prejudice because of the form of the written petition, or because of the oral amendment thereto which was reduced to a written minute entry.
The majority has applied the criminal procedure provisions of La. Const, of 1974, art. I, § 13 and La.C.Cr.P. arts. 383, 384, 385 and 920 to this case to reach their decision. They have converted a juvenile proceeding into a criminal proceeding. This is contrary to the will of the people of Louisiana, as expressed in La. Const, of 1974, art. V, § 19, and the intent of the legislature (who represent the people of Louisiana), as expressed in La.C.J.P. art. 24 and La.C.Cr.P. art. 15. I will not be a party to such a judicial act.
For the foregoing reasons I respectfully dissent.

. A delinquent act is, among other things, an act which is designated an offense (crime) under a state statute. La.C.J.P. art. 13(7). Thus, violation of the substantive criminal law is a delinquent act. The substantive criminal law is not contained in the Code of Juvenile Procedure; it must be found elsewhere. Title 14 of the Revised Statutes contains the Louisiana Criminal Code and defines substantive crimes. La.R.S. 14:5 provides as follows:
An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.
Thus, a lesser and included offense is a substantive crime just like the offense charged. Insofar as La.C.Cr.P. art. 814 modifies La.R.S. 14:5, it is substantive, and not procedural, because it is defining what is the substantive criminal offense involved. Thus, applying La.C.Cr.P. art. 814 in a juvenile delinquency proceeding is not in conflict with La.C.J.P. art. 24 and La.C.Cr.P. art. 15.

. Under the Louisiana statutory scheme the objection has been waived because it was not raised by the juvenile in the trial court or in this court.