532 So.2d 481 (1988)
In the Interest of Stevan RODRIGUES.
No. 88 KJ 0480.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*482 Oliver F. Johnson, Asst. Dist. Atty., Covington, for plaintiff.
William R. Campbell, Jr., New Orleans, Richard A. Swartz, Slidell, for defendant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Defendant, Stevan Rodrigues, was charged as a juvenile in a two-count petition with aggravated sexual battery and aggravated oral sexual battery, in violation of LSA-R.S. 14:43.2 and LSA-R.S. 14:43.4, respectively. The trial judge granted a directed verdict of acquittal as to count two, aggravated oral sexual battery, and adjudicated defendant a juvenile delinquent as to Count 1, after finding he committed the offense of sexual battery. A disposition hearing was held; and defendant was sentenced to two years supervised probation, with the special conditions that he perform twenty-four hours of public service work and receive mental health counseling as needed. Defendant has appealed the adjudication and disposition, urging four assignments of error. However, since we find error patent on the face of the record, which requires reversal of the conviction, we do not consider the assignments of error.
Defendant herein was charged with aggravated sexual battery yet was convicted of sexual battery.[1] In State in Interest *483 of Pigott, 413 So.2d 659, 663 (La.App. 1st Cir.1982), this court stated as follows:
The Code of Juvenile Procedure has no provisions relating to responsive verdicts or lesser and included offenses. It does provide for supplementary procedures in art. 24. That article reads:
"The provisions of this Code, except as otherwise specifically provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters.
Added by Acts 1978, No. 172, S. 1, eff. Jan. 1, 1979."
In State in Interest of Gibson, 382 So.2d 1060 (La.App. 2d Cir.1980), writ denied 385 So.2d 275 (La.1980), the court looked to the Code of Criminal Procedure articles on responsive verdicts in a juvenile case. It cited State in Interest of Batiste, 367 So.2d 784 (La.1979) as authority for the proposition that the Code of Criminal Procedure is indirectly applicable to juvenile proceedings. Batiste (decided prior to adoption of The Code of Juvenile Procedure) found that there was no statute under the law expressly declaring criminal procedural laws inapplicable to juvenile court proceedings. We are in agreement with our brethren of the Second Circuit and expressly hold that in the trial of a juvenile, the Louisiana Code of Criminal Procedure controls as concerns responsive verdicts.
LSA-C.Cr.P. art. 814 provides the list of legislatively approved responsive verdicts. The list does not contain a responsive verdict to a charge of aggravated sexual battery. LSA-C.Cr.P. art. 815 provides that, in all cases not provided for in article 814, the following verdicts are responsive: guilty; guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense is a misdemeanor; or not guilty.
The appropriate test for determining permissible responsive verdicts for crimes not provided for in LSA-C.Cr.P. art. 814 is whether or not all of the elements of the lesser offense are included in the definition of the greater offense. State v. McCoy, 337 So.2d 192 (La.1976); State v. Stewart, 292 So.2d 677 (La.1974). Therefore, we must determine whether or not all of the elements of sexual battery are included in the definition of aggravated sexual battery.
LSA-R.S. 14:43.1 provides in pertinent part:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim....
[Emphasis added.]
LSA-R.S. 14:43.2 provides in pertinent part:
A. Aggravated sexual battery is the intentional engaging in any of the following acts with another person when the offender intentionally inflicts serious bodily injury on the victim:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
*484 (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
B. For the purposes of this Section, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
The crime of aggravated sexual battery, LSA-R.S. 14:43.2 does not contain one of the essential elements required in sexual battery, i.e., that the victim be a person other than the spouse of the offender. It is plain from the definitions of the two crimes that all the elements of sexual battery are not included in the definition of the crime of aggravated sexual battery. According to the statutory definitions, aggravated sexual battery may be committed upon the spouse of the offender, whereas sexual battery can never be committed upon the spouse of the offender. Therefore, sexual battery is not a lesser and included offense and is not responsive to a charge of aggravated sexual battery. The evidence required to prove the elements of the crime of aggravated sexual battery does not necessarily prove sexual battery.
Although sexual battery is a non-responsive verdict to a charge of aggravated sexual battery, sexual battery is an enumerated crime. Compare State v. Mayeux, 498 So.2d 701 (La.1986). When the charged offense is aggravated sexual battery, a conviction of sexual battery effectively operates as an acquittal and bar of a second prosecution of defendant on the charge of aggravated sexual battery. See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); State v. Booker, 385 So.2d 1186 (La.1980). Defendant is therefore entitled to an acquittal as to the charge of aggravated sexual battery. See LSA-C.Cr.P. art. 598; Mayeux, supra.
Defendant herein was convicted of criminal conduct which actually was not included within a charge of aggravated sexual battery. No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in all courts, state or federal. It is a violation of due process either to send an accused to prison following conviction of a charge on which he was never tried or to convict him upon a charge that was never made. Booker, supra. Accordingly, it was a violation of due process to convict defendant of sexual battery, a charge of which he was not given adequate notice and against which he had no opportunity to defend. See State in Interest of Batiste, 367 So.2d 784 (La.1979).
Because we have concluded that defendant was denied a safeguard guaranteed by due process of law, his conviction and sentence are reversed. Since this reversal does not result from evidentiary insufficiency or constitute a decision that the state failed to prove its case, the double jeopardy clause does not bar further prosecution of defendant in connection with the alleged criminal activity. Booker, supra. However, the trial judge's verdict of sexual battery operates as an acquittal and bar of a second prosecution of defendant on the charge of aggravated sexual battery. Defendant is therefore ordered released. See State v. Redfearn, 504 So.2d 1005 (La.App. 1st Cir.1987).
CONVICTION AND SENTENCE REVERSED AND DEFENDANT IS ORDERED RELEASED.
NOTES
[1] Verdicts or judgments in juvenile cases must be written in the form of a final disposition. See LSA-C.J.P. art. 87. An appeal lies from a judgment of disposition. LSA-C.J.P. art. 97. The disposition herein shows that defendant was convicted of sexual battery. The minute entry reflects that defendant was convicted of aggravated sexual battery. The oral reasons for the trial judge's judgment reflect that defendant was convicted of sexual battery. When there is a discrepancy between the transcript and a minute entry, the transcript governs. State v. Lynch, 441 So.2d 732, 734 (La.1983).