CARTER, Judge.
The State filed a petition to have George McPipe, then age 15, adjudicated a delinquent. The petition alleged that the juvenile committed two counts of armed robbery, in violation of LSA-R.S. 14:64. Im *597 mediately before the adjudication hearing, Count I was dismissed when the victim failed to appear in court. After the hearing, the trial court found that the juvenile had committed armed robbery (Count II). He was adjudicated a delinquent and was committed to the custody of the Department of Public Safety and Corrections until age twenty-one. The juvenile has appealed, alleging three assignments of error, as follows:
1. The trial court erred in adjudicating the juvenile a delinquent because there was insufficient evidence to prove that he had committed armed robbery.
2. In finding that the juvenile had committed armed robbery, the trial court erred in failing to exclude all reasonable hypotheses of innocence.
3. Due to errors patent on the face of the record, the adjudication must be reversed.
Assignment of error number three was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.[1]
At approximately 9:00 p.m. on February 26, 1987, Thomas Pitts was driving his truck on Scenic Highway in Baton Rouge when the truck ran out of gas. He stopped at the 6500 block of Scenic Highway, near the intersection with Monte Sano Avenue. A passerby, Robert Anderson, stopped to offer assistance. Mr. Pitts gave Mr. Anderson a few dollars and a gasoline can, and Mr. Anderson left to get some gas. While Mr. Pitts waited for Mr. Anderson to return, he observed an old, brown or beige car which pulled nearby and made a sudden stop. Two young, black males exited the car, which then sped away. The two juveniles approached Mr. Pitts and inquired if he needed assistance. He replied that he did not need assistance and explained that Mr. Anderson would return soon with some gas. The two youths then walked away.
Shortly thereafter, Mr. Anderson returned with the gas. After they put the gas in the truck, Mr. Anderson and Mr. Pitts remained there and conversed about some parts for the truck. Suddenly, a gunman approached them from a vacant lot and demanded their money. Mr. Anderson instantly threw his wallet to the gunman, who was standing approximately fifteen feet away. When Mr. Pitts hesitated, the gunman threatened to kill him if he did not surrender his wallet. As Mr. Pitts surrendered his wallet, a second gunman approached from the dark field and asked the first gunman: “Did you get them, you got them huh?” The first gunman replied: “Yeah, yeah, I got them.” At this point, both gunmen fled the scene on foot. Although Mr. Pitts was not able to identify the second gunman, who only appeared for a few seconds, he identified the first gunman as one of the two young, black males who had stopped and offered assistance approximately thirty minutes before the robbery.
Baton Rouge Police Detective Richard Lee was proceeding west on Kaufmann Street (which is one block from Monte Sano Avenue) when he observed a beige-brown car parked on the south side of Kaufmann Street. The car’s engine was running, and the driver was sitting behind the wheel, but the headlights were turned off. Detective Lee also observed two young, black males running to the car from the direction of Monte Sano Avenue and Scenic Highway. When they got into the front passenger seat of the car, the driver turned the headlights on and sped away. Because Kauf-mann was a dead-end street, Detective Lee circled the block to Monte Sano Avenue and waited for the car to come out in front of him, which it did. He followed the car for a few blocks until it pulled into a residence. At this point, Detective Lee, who was driving an unmarked squad car, pulled into the driveway behind the car and turned on his bright headlights. The two front seat passengers got out of the car, turned toward Detective Lee, and then fled behind the house. Detective Lee identified *598 these two juveniles as Mark and George McPipe. The driver of the car, whom Detective Lee identified as James Gordon, did not escape.
When James Gordon exited the vehicle, Detective Lee observed money on the ground, money and two wallets on the front seat, and a gun on the seat of the car. He detained James Gordon and radioed for assistance. Detective Lee had observed two trucks at the intersection of Scenic Highway and Monte Sano Avenue. He spoke to Detectives Ronald Norman and Oscar Trumal on the radio and advised them that he was holding a robbery suspect. Detectives Norman and Trumal went to the intersection of Scenic Highway and Monte Sano Avenue; and Mr. Anderson informed them that he and Mr. Pitts (who had already left the scene) had been robbed by two young, black males. Detectives Norman and Trumal then proceeded to James Gordon’s residence, where Detective Lee had detained James Gordon. After obtaining further information, Detectives Norman and Trumal proceeded to the McPipe’s residence on Nottingham Street and took Mark and George McPipe into custody.[2] Pieces of identification belonging to Mr. Pitts and Mr. Anderson were found behind James Gordon’s house in the area where Mark and George McPipe had fled from Detective Lee.
ASSIGNMENTS OP ERROR NUMBERS ONE AND TWO:
Both of these assignments of error address the sufficiency of the evidence. In assignment of error number one, the juvenile contends that the trial court erred in adjudicating him a delinquent because there was insufficient evidence to prove that he had committed armed robbery. In assignment of error number two, the juvenile contends that the trial court erred in failing to exclude all reasonable hypotheses of innocence before concluding that the juvenile had committed armed robbery.
LSA-R.S. 14:64 A provides:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
When the State charges a child with a delinquent act, it has the burden of proving each element of the offense beyond a reasonable doubt. LSA-C.J.P. art. 73. On appeal, the applicable standard of review is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard of review applies to juvenile proceedings in which a child is adjudicated a delinquent. See LSA-C.J.P. art. 73; State in the Interest of Giangrosso, 395 So.2d 709 (La.1981). However, appellate review in juvenile matters extends to both law and facts. LSA-Const. art. 5, § 10(B).
The juvenile did not testify at the adjudication hearing. In his brief to this Court, he contends that the State did not prove, beyond a reasonable doubt, that he committed armed robbery. The juvenile notes that Mr. Pitts could not identify him as the second gunman. Furthermore, he concludes that the evidence was insufficient to find him guilty as a principal because the circumstantial evidence did not exclude every reasonable hypothesis of innocence. See LSA-R.S. 15:438. He refers to Detective Lee’s answers at the adjudication hearing when the following exchange occurred on cross-examination:
Q. And you don’t know whether or not James Gordon had robbed Anderson and Pitts prior to the time that you saw the two McPipes running to the vehicle, do you?
A. No sir, I don’t.
Q. Gordon could have robbed the Pitts and the Andersons and waiting (sic) in the car with the money and the gun while the McPipes came from somewhere else, isn’t that true?
A. That’s possible.
In finding that the juvenile had committed armed robbery, the trial court based its *599 conclusion upon the testimony of Detectives Lee and Trumal and the testimony of one of the victims, Mr. Pitts. The other victim, Mr. Anderson, did not appear at the adjudication hearing, which resulted in the dismissal of one of the two counts of armed robbery in the petition. Although Mr. Pitts did not identify George McPipe as the second gunman, he testified that Mark McPipe was the first gunman who ordered them to surrender their wallets. Mr. Pitts also testified that George and Mark McPipe were the two young males who had approached him earlier and asked if he needed any help. Mr. Pitts testified that he assumed George McPipe was the second gunman because he identified Mark McPipe as the first gunman. Given the circumstances of this offense, Mr. Pitts’ assumption was reasonable, but was not sufficient evidence to support the adjudication.
However, Detective Lee observed two young, black males running from the direction of Scenic Highway and Monte Sano Avenue, where the robbery took place. He observed these two juveniles get into a 1971 beige and brown Chevrolet Impala which had its engine running but its headlights turned off. When the two juveniles got into the front passenger seat, the driver turned on the headlights and sped away. The car was only out of Detective Lee’s sight for less than one minute as he circled the block to get behind it. He followed the car to James Gordon’s residence. Detective Lee pulled behind the car, turned on his bright headlights, and identified Mark and George McPipe as they exited the car and fled. Physical evidence of the robbery (gun, wallets, money, pieces of identification belonging to Messrs. Pitts and Anderson) were discovered in the car, on the ground, and behind James Gordon’s house in the area where the McPipes ran away. The evidence indicates that the car driven by James Gordon, a 1971 beige and brown Chevrolet Impala, was the same vehicle observed earlier by Mr. Pitts. He testified that this vehicle stopped quickly, the McPipes exited, and then the vehicle sped away.
There is only one possible hypothesis of innocence in this case. Perhaps George McPipe knew nothing about the robberies and got into James Gordon’s fleeing car, while another unknown young, black male exited the car, during the brief period (less than one minute) that the car was out of Detective Lee’s sight. Given the circumstances of these robberies, such a hypothesis of innocence is unlikely and unreasonable. Furthermore, it would not explain the presence of the pieces of identification belonging to Messrs. Pitts and Anderson (which were found behind James Gordon’s house) without creating further unreasonable explanations, such as the possibility that the robberies were committed earlier by Mark McPipe, with or without James Gordon, and that one or both of them placed this evidence behind James Gordon’s house in the exact spot where the McPipes would later escape from Detective Lee.
Considering all of the evidence in this case, we find that the evidence is sufficient to support, beyond a reasonable doubt, the trial court’s conclusion that George McPipe committed armed robbery. Although Mr. Pitts did not identify George McPipe as the second gunman, the circumstantial evidence in this case is sufficient to exclude any reasonable hypothesis of innocence. Therefore, the trial court did not err in adjudicating George McPipe a delinquent.
These assignments of error are merit-less.
CONCLUSION
Accordingly, we affirm the adjudication of delinquency and the disposition.
ADJUDICATION OF DELINQUENCY AND DISPOSITION AFFIRMED.

. Moreover, in criminal and juvenile appeals, this Court routinely reviews all records for patent errors whether or not such a request is made by the appellant. After a careful review of the record, we have found no patent errors which would require that the instant adjudication and/or disposition be reversed.

. Juveniles are not "arrested,” they are "taken into custody.” See LSA-C.J.P. art. 25, et seq.