559 So.2d 795 (1990)
STATE of Louisiana in the Interest of Ellis Ray HANDY.
No. KJ 89 1045.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Wiley Dial, Baton Rouge, for plaintiff-appellee State of La.
James Best, Baton Rouge, for defendant-appellant Ellie Ray Handy.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Ellis Ray Handy was charged by juvenile petition as delinquent on the basis of commission of attempted aggravated rape, a violation of La.R.S. 14:27 and 42. After an adjudicatory hearing, the juvenile was found to be delinquent based upon the commission of attempted aggravated sexual battery, a violation of La.R.S. 14:27 and 43.2. Subsequently, a dispositional hearing was held, after which the juvenile was committed to the custody of the Louisiana Department of Public Safety and Corrections for one year.
The juvenile has appealed, alleging as his only assigned error that the evidence is not sufficient to support the adjudication. However, due to error patent on the face of the record,[1] we pretermit discussion of that argument.
*796 The petition herein charged that the juvenile committed attempted aggravated rape. The juvenile was adjudicated delinquent based upon a finding that he had committed attempted aggravated sexual battery, which is not the conduct charged in the petition. See La.C.J.P. art. 73. Nor is it a lesser included offense of attempted aggravated rape. See La.R.S. 14:5, State in the Interest of Batiste, 367 So.2d 784 (La.1979).[2]
The juvenile is clearly entitled under the due process and adequate notice guarantees of our state constitution to timely written notice, in advance of the adjudication hearing, of the specific charge or factual allegations against which he must defend himself. La. Const. Art. I, §§ 2 and 13; Batiste at 787. Compare State in the Interest of Gibson, 382 So.2d 1060 (La.App. 2nd Cir.), writ denied, 385 So.2d 275 (La. 1980). Since the adjudicated offense is not the conduct charged in the petition nor a lesser included offense thereof, we note the defect as error patent.[3] The adjudication is invalid and is hereby vacated, along with the resulting disposition.
Since the charged offense was attempted aggravated rape, an adjudication of delinquency based upon attempted aggravated sexual battery operates as an acquittal and bar of a second prosecution on the charge of attempted aggravated rape. Compare State in Interest of Rodrigues, 532 So.2d 481, 484 (La.App. 1st Cir.1988). However, since this reversal does not result from evidentiary insufficiency or constitute a decision that the state failed to prove its case, the double jeopardy clause does not bar further prosecution of the juvenile in connection with the alleged criminal activity. The only bar is as to a prosecution based upon attempted aggravated rape, the original charge herein. The juvenile, therefore, is ordered released. See Rodrigues at 484.
ADJUDICATION AND DISPOSITION VACATED; JUVENILE ORDERED RELEASED.
LANIER, J., dissents and assigns reasons.
LANIER, Judge, dissenting.
I dissent from the majority opinion because (1) it fails to follow the clear and unambiguous language of the Code of Juvenile Procedure, (2) it fails to follow the clear and unambiguous language of the Code of Criminal Procedure, and (3) it improperly considers technical constitutional questions when these issues were not raised, or ruled upon, in the trial court, and were not assigned as error in this court.

FACTS
On July 19, 1988, the 10 year old female victim of the alleged offense was walking under an interstate overpass in East Baton Rouge Parish. She was going to the home of a friend of her mother to use the telephone. *797 A young man came up from behind her and asked what her name was. She did not respond. He asked the question again and she still did not respond. He then grabbed her by an arm and pulled her against one of the overpass support columns. The 10 year old victim started screaming. The following excerpt from her trial testimony describes what happened next:
Q. I'm having a hard time hearing you, now. You've got to speak up just a little bit.
A. He say, "Shut up before I slap the piss out of you."
Q. Okay, now, was [sic] touching you at that time in anyway?
A. No.
Q. He wasn't holding you or touching your clothes or anything?
A. He was trying to pull my clothes down.
Q. All right. What kind of clothes did you have on?
A. I had on my blue shirt and my red shorts.
Q. Okay, and what clothes was he trying to pull down?
A. My shorts.
Q. Now, did you try to keep that from happening?
A. Yeah.
Q. What did you do?
A. I was trying to hold them and I told him I was too little and he said it wouldn't hurt.
Q. What was he talking about? Do you know? Or, did he say what he was talking about? Can you tell us?
A. He had say he wanted to put the deep to me one time.
Q. I'm sorry, would you say that one more time?
A. He had say he wanted to put the deep to me one time.
Q. Okay. Did he try to do anything like that? Or do you know what he meant by that?
A. I know he meant but he ain't try to do it.
Q. What did you think he meant by that? Huh? What did you think he was talking about? Can you tell me? Okay, don't be embarassed [sic]. Don't be shy.
A. It means getting on top of somebody.
Q. And do what? Do you know? Okay, you've got to say it. Go ahead.
A. And put his thing up..
Q. Say it a little bit louder (unclear)
A. And put his thing up to it.
Q. Okay. Now, what did you do when he said that?
A. I told him I was too little.
Q. Okay, did he do anything else to you? What did he do?
A. Yeah.
Q. What?
A. Hit me.
Q. Where did he hit you?
A. In my face.
The child positively identified the defendant juvenile in court as the young man who attacked her. She also identified him at his home after the incident, but indicated he must have changed clothes because the clothes he had on at the house were different from those he had on at the site of the incident.
Daniel Saygo heard the screams and went to the site of the incident. He observed a young man leave on a bicycle. He was unable to identify the defendant juvenile as the young man whom he saw. Saygo escorted the child to the nearby home of a family friend. The child's mother and the police were notified of the incident. Saygo could not identify a bicycle found at the defendant juvenile's home as the bicycle he had previously seen.
The child's mother testified that the child was born on April 5, 1978, and she recited the "fresh complaint" of the incident given to her by the child.
The 14 year old defendant juvenile testified he was under the interstate bridge on July 19, 1988 with his cousin, Bryant *798 Handy, and a friend, Gary Faley. It was raining and he was fixing his bike. He did not see the 10 year old child or Daniel Saygo. He went home, put up his bike and watched television. He did not change clothes when he got home. He was living with his aunt and uncle, Charles and Dorothy Alexander. The defendant juvenile testified that he previously had been "convicted" of attempted aggravated rape. However, see L.C.E. arts. 609.1(F) and 1101(A). The defendant juvenile's testimony was corroborated by the testimony of Bryant Handy and Gary Faley, and was partially corroborated by Mr. and Mrs. Alexander.

RECOGNITION OF PATENT ERROR IN A JUVENILE DELINQUENCY PROCEEDING
The only error assigned by the defendant juvenile in this appeal is that the adjudication was based on insufficient evidence. No objection asserting the illegality of the responsive verdict was raised in the trial court, or in this court, by the juvenile defendant. The majority has reversed the adjudication and disposition and ordered the juvenile released from custody based on "error patent on the face of the record." The majority "acknowledge that no statutory provision affirmatively grants this Court authority to review juvenile delinquency matters for patent error."
The majority understates their legal position in this case. Not only is there "no statutory provision" to support their action, their action is contrary to the clear and unambiguous provisions of the Code of Juvenile Procedure and the Code of Criminal Procedure. By creating procedural law in this case, the majority have infringed on a power which has been constitutionally reserved for the legislative branch of state government.
La. Const. of 1974, art. V, § 19 provides, in pertinent part, as follows:
The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. (Emphasis added)
The legislative branch of Louisiana state government has exercised this power by enacting the Code of Juvenile Procedure. Acts 1978, No. 172.
This is a juvenile proceeding pertaining to the delinquency of a child. La.C.J.P. art. 13(7), (9), (12) and (17). Article 24 of the Code of Juvenile Procedure provides, in pertinent part, as follows:
The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction. (Emphasis added)
When the word shall is used in the Code of Juvenile Procedure, it is mandatory. La. C.J.P. art. 4. Article 97 of the Code of Juvenile Procedure provides, in pertinent part, as follows:
The appeal shall include all errors assigned concerning the adjudication and disposition. (Emphasis added)
The majority admits the error they recognize is a patent error and not an assigned error. La.C.J.P. art. 97 does not provide for the recognition of patent errors; it only provides for assigned errors. Thus, the majority action is not consistent with La.C.J.P. art. 97.
Recognition of patent error is provided for in Article 920 of the Code of Criminal Procedure, which states the following:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. (Emphasis added)
However, pursuant to the Code of Criminal Procedure and the Code of Juvenile Procedure, Article 920 is not applicable to juvenile delinquency matters. La.C.Cr.P. art. 15(A) provides as follows:
The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and *799 proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile, and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures established or authorized by law for, those courts. (Emphasis added)
La.C.J.P. art. 24 provides, in pertinent part, as follows:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters.
Juvenile delinquency proceedings are not criminal proceedings. State in the Interest of Williams, 411 So.2d 517 (La.App. 1st Cir.1982). In State in the Interest of Tyler, 262 So.2d 815, 818 (La.App. 4th Cir. 1972) the court discussed La.C.Cr.P. art. 15 and the use of the Code of Criminal Procedure in a juvenile delinquency case as follows:
This article recites it is applicable to "criminal prosecutions" in juvenile court, however, the matter before us is not a prosecution but a hearing to adjudge delinquency.
The terminology of the statute by use of the words "criminal prosecutions" convinces us that Article 15 relates to the trial of adults by the juvenile court rather than juvenile proceedings. Additionally, LSA-R.S. 13:1573 lends further support to this conclusion in that it specifically provides:
"In the trial of adults coming within the jurisdiction of the juvenile court, the proceeding shall be in the same manner and subject to the same rules of procedure, evidence, etc., as the trial of an adult on a misdemeanor charge in any other court of criminal jurisdiction * * *."
By its very terms Article 15 is rendered inoperative when there are special procedures authorized by statute for these courts. LSA-R.S. 13:1574 provides for such a special procedure in that it authorizes the filing of a delinquency proceeding in the juvenile court by means of a petition. It therefore follows LSA-C.Cr.P. art. 493 relative to misjoinder of offenses in an indictment cannot be asserted to quash the allegations of a petition. We conclude that the motion to quash was properly denied.
Similarly, it has been held that the sentencing guidelines of La.C.Cr.P. art. 894.1 are not applicable in a juvenile delinquency proceeding. State in the Interest of Racine, 433 So.2d 243 (La.App. 1st Cir.), writ denied, 440 So.2d 151 (La.1983); State in the Interest of Winstead, 385 So.2d 311 (La. App. 1st Cir.1980). The Code of Criminal Procedure is applicable only to adult proceedings in juvenile court. See, for example, State v. Clause, 486 So.2d 1206 (La. App. 1st Cir.1986).
The Code of Juvenile Procedure specially provides for the use of certain parts or procedures of the Code of Criminal Procedure in juvenile delinquency cases. See, for example, La.C.J.P. arts. 59 (discovery), 63 (bill of particulars), 64 (motion to suppress) and 69(C) (public trial). The Code of Juvenile Procedure does not provide for a patent error review on appeal. The obvious implication of this is that those parts of the Code of Criminal Procedure which were not included in the Code of Juvenile Procedure, either directly or by reference, were not intended by the legislature to be included.
Even if there were no provision in the Code of Juvenile Procedure (such as La.C. J.P. art. 97) applicable to the kind of errors reviewable in a juvenile appeal, the Code of Criminal Procedure still would not be applicable, and patent error could not be recognized. Pursuant to La.C.J.P. art. 24, the Code of Civil Procedure applies to a juvenile delinquency proceeding in the absence of a Code of Juvenile Procedure rule. State of Louisiana in the Interest of J.A., 532 So.2d 943 (La.App. 5th Cir.1988). Pursuant to La.C.C.P. art. 1635, the failure to object to an error in a trial court at the time it is made constitutes a waiver of the right to complain of the error on appeal. Schoonmaker v. Capital Towing Co., 512 *800 So.2d 480 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (La.1987); Oh v. Allstate Insurance Company, 428 So.2d 1078 (La. App. 1st Cir.1983); State in the Interest of Williams, 421 So.2d 431 (La.App. 1st Cir. 1982). The defendant juvenile did not object to the questioned responsive verdict in the trial court and does not assign error to it in this appeal.
The majority candidly admits there is no statutory (legislative) authority for the judiciary to review juvenile delinquency proceedings for patent error. As herein indicated, applying La.C.Cr.P. art. 920 to a juvenile proceeding is contrary to La.C. Cr.P. art. 15 and La.C.J.P. arts. 24 and 97. However, the fact that existing statutory law did not allow the majority to reach the result they wanted in this case has not deterred them. They have created authority judicially to reach their desired result, despite the fact that La. Const. of 1974, art. V, § 19 limits the power of the courts by providing that juvenile delinquency adjudications and dispositions "shall be pursuant to special juvenile procedures which shall be provided by law." The implications of such a methodology are significant.
If the courts can apply the patent error concept provided for in criminal procedure to juvenile delinquency proceedings without statutory authority, can the courts apply the patent error concept of criminal procedure to civil proceedings or to nondelinquency juvenile proceedings (status offenses and neglect and abuse cases)?
Patent error reviews only extend to the "pleadings and proceedings"; they do not extend to an inspection of the evidence. La.C.Cr.P. art. 920(2); State v. Arceneaux, 520 So.2d 1125 (La.App. 3rd Cir.1987). The plain error review provided for in federal criminal proceedings extends to any error or defect "affecting substantial rights" and is broader in scope than a patent error review. Fed.Rules Cr.Proc.Rule 52(b). If this court can use its judicial powers to authorize a patent error review of a juvenile delinquency proceeding, could it also use its judicial powers to authorize a plain error review of a juvenile delinquency proceeding, a nondelinquency juvenile proceeding, a criminal proceeding or a civil proceeding? Can this court use its judicial powers to apply other concepts found in the Code of Criminal Procedure to juvenile delinquency cases, even though the legislature did not specially provide for it?
Finally, it appears the result desired by the majority can be achieved without engaging in a radical departure from existing statutory law. If the defendant juvenile is still in custody, he could obtain relief in a writ of habeas corpus. La. Const. of 1974, art. I, § 21 and art. V, § 2; La.C.J.P. art. 24; La.C.C.P. art. 3821 et seq. However, the judgment of disposition entered herein on March 10, 1989, commits the defendant juvenile for one year, subject to a credit for time served of 234 days. The appeal herein is not suspensive, more than 131 days (365 less 234) have passed since March 10, 1989, and, it would appear the juvenile is no longer in custody. Thus, the only practical relief that can be given would be to reverse the conviction, or expunge it. If the proper criteria are met, the juvenile might be entitled to an action for nullity of judgment. La.C.J.P. art. 24; La.C.C.P. art. 2001 et seq. The juvenile could argue that adjudication for an offense that was not responsive to the offense charged in the petition is an ill practice within the purview of La.C.C.P. art. 2004. At the appropriate time the juvenile can obtain expungement of this record pursuant to La.C.J.P. art. 124 et seq. The juvenile was adjudicated for the offense of attempted aggravated sexual battery. He could then make the following argument. There is no substantive criminal offense named attempted battery; an attempt to commit a battery is a definition of the substantive criminal offense of assault. La.R.S. 14:36. Assaults are misdemeanors. La.R.S. 14:2(4) and (6), 37 and 38. The petition shows the juvenile was born on October 24, 1973. Thus, pursuant to La.C.J.P. art. 124 he is entitled to expungement of his records on or after October 24, 1990.
The majority correctly observes that this court has done patent error reviews in prior juvenile cases. However, this practice is not authorized by statute and is *801 contrary to La.C.J.P. art. 97. We should not perpetuate this error.
Accordingly, I respectfully dissent.
NOTES
[1] We acknowledge that no statutory provision affirmatively grants this Court authority to review juvenile delinquency matters for patent error, as does La.C.Cr.P. art. 920(2) for adult criminal proceedings. However, the patent error noted herein is of constitutional magnitude, seriously affecting the due process rights of the juvenile; and we will not ignore it. This Court previously has stated that it routinely reviews juvenile delinquency cases for patent error. State in Interest of McPipe, 542 So.2d 596, fn. 1 (La.App. 1st Cir.), writ denied, 548 So.2d 1244 (La.1989). Moreover, on several occasions, this Court has noted patent error in juvenile delinquency cases. See e.g. State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1st Cir.1989); State in Interest of Rodrigues, 532 So.2d 481 (La.App. 1st Cir.1988).
[2] All of the elements of attempted aggravated sexual battery are not necessarily included within the elements of attempted aggravated rape. See La.R.S. 14:5, 42 and 43.2. Aggravated sexual battery includes the element of intentional infliction of serious bodily injury on the victim. See La.R.S. 14:43.2. Aggravated rape carries no such requirement. See La.R.S. 14:42. Accordingly, attempted aggravated sexual battery includes the element of attempting to intentionally inflict serious bodily injury upon the victim, while attempted aggravated rape (the offense charged herein) does not. Therefore, under La. R.S. 14:5, attempted aggravated sexual battery is not a lesser included offense of attempted aggravated rape.

Additionally, we note that, in criminal adult proceedings, attempted aggravated sexual battery is not responsive to a charge of attempted aggravated rape. See La.C.Cr.P. art. 814 A, paragraph 9.
[3] Compare State in Interest of Rodrigues, 532 So.2d 481 (La.App. 1st Cir.1988), also finding such an error to be error patent.