FOIL, Judge.
Aneko L. Newton was charged by petition as. delinquent on the basis of commission of purse snatching, a violation of La. R.S. 14:65.1. Although the record is not absolutely clear, it appears that, pursuant to a plea agreement, the petition was amended in writing on February 11, 1988, to charge accessory after the fact to purse snatching. See La.R.S. 14:25 and 65.1. However, the agreement did not bear fruit; and the trial judge ordered that the juvenile be tried on the original charge. Additionally, the case was transferred to another judge.
On July 1, 1988, the state orally amended the petition to charge two counts of purse snatching in violation of La.R.S. 14:65.1. After an adjudicatory hearing, the juvenile was found to be delinquent based upon both counts of the orally charged criminal conduct. Following a disposition hearing, the juvenile was committed to the custody of the Louisiana Department of Public Safety and Corrections for each offense until age eighteen years. However, the commitments were suspended; and the juvenile was placed on supervised probation for a period not to exceed her eighteenth birthday.
The juvenile now appeals, urging several arguments before this Court. However, we pretermit discussion of those issues due to the existence of error patent *802 requiring the reversal of the adjudications and dispositions.[1]
In State in Interest of Batiste, 367 So.2d 784, 787 (La.1979), the Court stated:
Because a juvenile who is alleged to have committed a serious crime is confronted with consequences not essentially different from those faced by adult criminal defendants ... he is clearly entitled under the due process and adequate notice guarantees of our state constitution to be given timely written notice, in advance of the adjudicatory hearing, of the specific charge or factual allegations to be considered and the specific issues he must meet. La. Const.1974, art. 1, §§ 2, 13; see State of Louisiana in the Interest of Andrew Leonard Dino, 359 So.2d 586 (La.1978). [Emphasis added.]
Moreover, articles 47 and 48 of the Code of Juvenile Procedure set forth the required form and content of a juvenile petition. Although these provisions do not expressly require that the petition must be written, there can be no doubt that such is the case; the requisites set forth in these articles that the petition “contain” and “set forth” certain information indicate beyond any doubt that the petition must be written.
Just as an adult criminal is entitled to written notice of the charges against him,[2] the Louisiana Supreme Court stated in Batiste that a juvenile charged as delinquent on the basis of criminal conduct is also entitled to the same written notice. Due process requires no less.
Herein, the petition originally charged one count of purse snatching. It was amended in writing to charge accessory after the fact to purse snatching. There was no subsequent written amendment to reinstate the original charge.[3] Nor was there a written amendment to add a second count of purse snatching. Therefore, the adjudications of delinquency and dispositions based on both counts of purse snatching are vacated.
ADJUDICATIONS AND DISPOSITIONS VACATED.
LANIER, J., dissents and assigns reasons.

.We acknowledge that no statutory provision affirmatively grants this Court authority to review juvenile delinquency matters for patent error, as does La.C.Cr.P. art. 920(2) for adult criminal proceedings. However, the patent error noted herein is of constitutional magnitude, seriously affecting the due process rights of the juvenile; and we will not ignore it. This Court previously has stated that it routinely reviews juvenile delinquency cases for patent error. State in Interest of McPipe, 542 So.2d 596, fn. 1 (La.App. 1st Cir.), writ denied, 548 So.2d 1244 (La.1989). Moreover, on several occasions, this Court has noted patent error in juvenile delinquency cases. See e.g. State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1st Cir.1989); State in Interest of Rodrigues, 532 So.2d 481 (La.App. 1st Cir.1988).

. See La.C.Cr.P. arts. 383, 384, and 385. See also State v. Buttner, 411 So.2d 35 (La.1982); State v. Riggins, 508 So.2d 918 (La.App. 4th Cir.1987); State v. Vidrine, 476 So.2d 537 (La.App. 1st Cir.1985).

. It is not even clear from the record that the original charge is the same charge instituted by oral amendment as count 1.