STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0351

TURBINE POWERED TECHNOLOGY, LLC

VERSUS

DAVID CROWE, KENNETH BRACCIO, DANIEL FOLEY, GEORGE
JACKSON, KENT ELLSWORTH, ARIZONA TURBINE TECHNOLOGY, INC.,
ADVANCED TURBINE SERVICES, LLC AND TURBINE INTEGRATED
POWER SYSTEMS, LLC

Judgment Rendered: **OCT 0 7 2021**

********

Appealed from the 16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Case No. 130,379

The Honorable Gregory P. Aucoin, Judge Presiding

********

Kevin P. Merchant                        Counsel for Plaintiff/Appellee
Robert E. Torian                          Turbine Powered Technology, LLC
Cliff A. LaCour
Lafayette, LA


Adam G. Young                            Counsel for Defendants/Appellants
John A. Meade                            David Crowe, Arizona
Lafayette, LA                            Turbine Technology, Inc., and Arizona
                                         Turbine Technology, LLC

S. Patrick Skiles
Morgan City, LA

Co-Counsel for Defendants/Appellants
David Crowe, Arizona Turbine Technology,
Inc., and Arizona Turbine Technology, LLC

Jennifer Leigh Thornton
Christian S. Chaney
William M. Ross
New Orleans, LA

Counsel for Defendants/ Appellants
Kenneth Braccio and Advanced Turbine
Services, LLC

BEFORE: McDONALD, LANIER AND WOLFE, JJ.

**LANIER, J.**

In these two appeals, the defendants, Kenneth Braccio, Advanced Turbine Systems, LLC, David Crowe, Arizona Turbine Technology, Inc., and Arizona Turbine Technology, LLC, appeal a judgment of contempt and order for sanctions rendered by the Sixteenth Judicial District Court against the aforementioned defendants. For the following reasons, we vacate the judgment of the district court and remand with instructions. Additionally, we dismiss the answer to the appeal filed by the appellee.

## FACTS AND PROCEDURAL HISTORY

The underlying litigation of the instant appeal involves a petition for damages and injunctive relief filed on November 7, 2016, by the plaintiff/appellee, Turbine Powered Technology, LLC (TPT) against the appellants and other defendants for various claims such as declaratory relief, breach of contract, misrepresentation, detrimental reliance, fraud, unfair trade practices, violation of trade secrets, theft of business records, tortious interference, unjust enrichment, breach of fiduciary duty, and injunctive relief.

The underlying facts of the lawsuit are not entirely germane to the instant appeals.[1] Briefly, TPT entered into a business enterprise with the defendants to design and build turbine-powered equipment for high pressure pumping well-stimulation, known as "frac technology." In 2011, Advanced Turbine Services, LLC (ATS), agreed to provide TPT turbine engines and engine controllers. Mr. Braccio was an employee of ATS. ATS sold the equipment to TPT through the sub-vendor Tuscon Embedded Systems, Inc., of which Mr. Crowe was an employee.

---

[1] For a more detailed recitation of the instant appeals' background, see *Turbine Powered Technology, LLC v. Crowe*, 2018-0881 (La. App. 1 Cir. 9/5/19), 2019WL4201579 (unpublished opinion), writ denied, 2019-1548 (La. 11/19/19), 282 So.3d 1063.

TPT claims to be the sole owner of the frac technology intellectual property. Additionally, TPT claims that Mr. Braccio and Mr. Crowe, through their companies Arizona Turbine Technology, Inc. and Arizona Turbine Technology, LLC (collectively AZT), misappropriated the intellectual property without TPT's consent and have misrepresented themselves as owners of the frac technology for their own benefit.

The trial court granted TPT's request for a preliminary injunction on January 3, 2017, signing the order two days later. On May 26, 2017, the appellants and defendant Daniel Foley[2] filed a motion to dissolve the preliminary injunction. The trial court denied the motion on July 17, 2017. While that matter was under advisement with the trial court, the defendants filed a notice of removal to the United States District Court for the Western District of Louisiana. TPT filed a motion in the U.S. district court to remand the matter back to the trial court, and the motion was granted on February 23, 2018. On April 2, 2018, the trial court reaffirmed its denial of the motion to dissolve the preliminary injunction. In a separate appeal, the appellants challenged the judgment of April 2, 2018. See *Turbine Powered Technology, LLC v. Crowe*, 2018-0881 (La. App. 1 Cir. 9/5/19), 2019WL4201579, *6-8 (unpublished opinion), writ denied, 2019-1548 (La. 282 So.3d 1063.

While the resolution of that appeal was pending, the trial court signed a judgment on December 12, 2018, in which the trial court granted a motion to compel filed by TPT and gave each of the appellants 60 days to give sufficient responses to TPT's first set of discovery requests. The trial court signed a judgment on March 22, 2019, in which it granted motions filed by TPT for contempt and sanctions against the appellants and another defendant who is not a

---

[2] The record also refers to Mr. Foley as Donald "Danny" Foley, Jr.

party to the instant appeals. The trial court found that after the 60-day period, the appellants still had not sufficiently responded to TPT's discovery requests and issued bench warrants for the arrest of Mr. Crowe and Mr. Braccio, who were allegedly residing in the state of Arizona. Mr. Crowe and Mr. Braccio were sentenced to 10 days in jail for contempt of court. The trial court also imposed fines on the appellants, as well as fees and court costs.

On April 14, 2019, the instant case was again removed to the United States District Court, Western District of Louisiana. On August 26, 2019, the instant case was remanded back to the trial court. This court handed down the decision on the prior appeal on September 5, 2019, in which we reversed the trial court and remanded, finding that TPT had not made a *prima facie* showing that it would prevail on the merits of its claims related to its alleged trade secrets, and that the trial court erred in dismissing the defendants' motion to dissolve the preliminary injunction. See *Turbine Powered Technology*, at *13.

On September 16, 2019, Mr. Braccio and ATS filed a suspensive appeal of the March 22, 2019 judgment. On September 19, 2019, Mr. Crowe and AZT filed a suspensive appeal of the same judgment.


**TIMELINESS OF APPEAL**

This court issued a rule to show cause as to why the instant appeals should not be dismissed for untimeliness. We noted that the appealed judgment was signed on March 22, 2019. Mr. Crowe and Mr. Braccio filed a motion for new trial on April 5, 2019, which the trial court denied on April 10, 2019, but no notice of the denial of the motion for new trial is contained in the record. It appears from the record that no motion for new trial was filed by ATS or AZT. Mr. Braccio and ATS suspensively appealed on September 16, 2019, and Mr. Crowe and AZT

5

suspensively appealed on September 19, 2019. These appeals appear to be facially untimely, pursuant to La. C.C.P. art. 2123(A).[3]

The instant case was removed to federal court on April 14, 2019, and then remanded back to the trial court on August 26, 2019. With regard to removal to federal court and the delays for taking a suspensive appeal, La. C.C.P. art. 2123(D) provides:

> The time within which to take a suspensive appeal under the provisions of this Article is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C. 1446, and commences anew on the date the proceeding is remanded.

TPT submits that the instant case's removal to federal court and subsequent remand do not make the instant appeals timely because the federal court never had jurisdiction over the contempt proceedings. In support, TPT cites *Kolwe v. Civil & Structural Engineers, Incorporated,* ___ Fed. Appx. ___ (5th Cir. 2021), 2021WL1727609 (per curiam), wherein the U.S. Fifth Circuit cited the U.S. Supreme Court:

> Per *Younger*[4] and its progeny, a state court motion for contempt is not removable. In *Juidice v. Vail*[5], the Supreme Court extended the abstention doctrine to cases involving state contempt proceedings. The Court explained: "The contempt power lies at the core of the administration of a State's judicial system ... [such that] federal-court interference with the State's contempt process is 'an offense to the State's interest ... likely to be every bit as great as it would be were this a criminal proceeding.'"
>
> ****
>
> The same federalism principle outlined in *Juidice,* however, counsels against this court making any substantive determination on the merits of Kolwe's contempt claim. Indeed, this court has previously ordered

---

[3] Louisiana Code of Civil Procedure, article 2123(A) sets the delay for taking a suspensive appeal at 30 days from either the expiration of the delay for applying for a new trial, or from the date of mailing of the notice of the denial of a motion for new trial. Regardless of either circumstance, the appellants' appeals, both filed in September of 2019, would be facially untimely.

[4] *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

[5] 430 U.S. 327, 335-36, 97 S.Ct. 1211, 1217-18, 51 L.Ed.2d 376 (1977).

remand after a defendant sought to remove a proceeding based on a contempt motion, notwithstanding the defendant's argument that the contempt motion was "a disguised petition for damages." We expressly declined to adjudicate the merits of "a motion filed in state court and styled a motion for contempt" because "to do so would transgress the very principle of federalism [that] the rule [that contempt proceedings are non-removable] seeks to protect."

2021 WL 1727609, at *3.

TPT also cites the following from the *Juidice* case:

Whether disobedience of a court-sanctioned subpoena, and the resulting process leading to a finding of contempt of court, [is] labeled civil, quasi-criminal, or criminal in nature, we think the salient fact is that federal-court interference with the State's contempt process is 'an offense to the States interest . . . likely to be every bit as great as it would be were this a criminal proceeding.' *Huffman*[6], supra, 420 U.S. at 604, 95 S.Ct. at 1208. Moreover, such interference with the contempt process not only 'unduly interfere(s) with the legitimate activities of the Stat(e),' *Younger*, supra, 401 U.S., at 44, 91 S.Ct., at 750, but also 'can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'" *Huffman*, supra, 420 U.S., at 604, 95 S.Ct., at 1208.

430 U.S. at 335-36, 97 S.Ct. at 1217-18.

TPT asserts that because the contempt judgment could not be removed, La. C.C.P. art. 2123(D) has no application to the contempt proceedings at issue and all appeal delays with regard to the March 22, 2019 contempt judgment ran long before any motions for appeal were filed in September 2019.

In response, the appellants contend that TPT's argument "directly conflicts with the unambiguous language of Article 2123(D)," especially in light of the principles that "appeals are favored in the law" and "should not be dismissed unless the ground urged for dismissal is free from doubt." See e.g., *Shell Pipeline Corp. v. Kennedy*, 2000-3207 (La. 10/16/01), 799 So.2d 475, 478 (per curiam). The appellants assert that La. C.C.P. art. 2123(D) plainly states that when removal occurs while the delay for a suspensive appeal is accruing, the delay is interrupted and "commences anew" if and when there is a remand.

---

[6] *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

7

The appellants also assert that TPT makes the conclusion that upon removal to federal court, the contempt judgment was left behind and not removed to the federal court with the rest of the case, resulting in a partial removal. The appellants cite 28 U.S.C.A. 1446(d) as support:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal *and the State court shall proceed no further unless and until the case is remanded.* [Emphasis added.]

Further, we note that 28 U.S.C.A. 1441 authorizes removal of "any civil action," and provides a mechanism for the federal court to sever claims that are "not within the original or supplemental jurisdiction of the [federal] district court or a claim that has been made nonremovable by statute." 28 U.S.C.A. 1441(c)(B)

The appellants also cite this court's opinion in *Dantzler v. Monticino*, 2007-1611 (La. App. 1 Cir. 6/6/08), 2008WL2567786 at *2, wherein this court stated:

> [I]t is well settled that once a matter is removed from state court to federal court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. 1446(d). Thus, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. *National S.S. Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882). Any subsequent proceedings in state court on the case are void *ab initio*. *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254-1255 (11th Cir. 1988).

Thus, the appellants conclude that this court should not recognize any theory of partial removal.

Moreover, the appellants aver that other courts have rejected similar arguments of partial removal. For instance, in *Eckert v. Administrators of the Tulane Educational Fund*, No. 15-5546, 2016WL158919, *9 (E.D. La. 1/14/2016), the court stated that "once a case has been removed to federal court, a state court is without power to proceed in a case." The court further noted that "the entire case is removed," even though "portions thereof may be subject to remand." *Id.* See also *E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457 n.2 (5th

8

Cir. 1982) ("[E]ven if a case is not properly removable, the filing of the removal petition in federal court ends the state court's jurisdiction until the case is remanded.")

Based on the aforementioned law and jurisprudence, and considering the timeline of the instant case, we find that both the appeals of the contempt hearing were timely filed. When the notice of removal was filed into the record on April 14, 2019, the appellate delays for seeking review of the March 22, 2019 judgment had not run. Thereafter, following the federal court's remand to the trial court on August 26, 2019, both motions for appeal were filed within 30 days. Under the plain language of La. C.C.P. arts. 2087(E) and 2123(D), which relate to devolutive and suspensive appeals respectively, "[t]he time within which to ... appeal under the provisions of [either article] is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C. 1446, and commences anew on the date the proceeding is remanded."

Further, as noted by the appellants, while *Kolwe* recognizes that a state contempt ruling "is not removable" to federal court, it begs the question of why a federal court would be required to remand something back to state court if it had never been removed in the first place and was otherwise incapable of being removed from state court. Otherwise, such an expansive reading of *Kolwe* that a contempt ruling is incapable of being removed from state court conflicts with other well-recognized federal principles that a state court is without power to proceed until the case is remanded in whole or in part. Rather, it is clear to us that if an entire matter is removed to federal court, the federal court has jurisdiction until it remands all or part of the case, including a state court contempt ruling, back to state court. For the foregoing reasons, we maintain the appeals and proceed to our review of the merits.

9

# ASSIGNMENTS OF ERROR

The appellants make the following assignments of error:

1. The trial court erred by proceeding with the contempt trial when TPT did not request or accomplish service as mandated by La. C.C.P. art. 225(A).

2. The trial court erred by holding the appellants in constructive contempt of court for disobeying a discovery order and oral reasons when: (1) TPT offered no evidence and failed to sustain its burden of proof, and (2) there was no finding that any disobedience was willful.

3. The trial court violated Mr. Braccio's and Mr. Crowe's fundamental right to due process by putting them on trial, convicting them of criminal contempt, and sentencing them to jail unconditionally *in absentia* and without legal representation after their former counsel was dismissed from the courtroom upon advising that he had a conflict of interest and could not represent the defendants at the contempt hearing.

4. The trial court disregarded the "void-for vagueness" doctrine by convicting Mr. Braccio and Mr. Crowe for allegedly disobeying a discovery order calling for legally sufficient responses and non-existent oral reasons, neither of which provide adequate notice of the actions to be taken to avoid a finding of contempt.

5. The trial court imposed an excessive punishment that "shocks our sense of justice," *Leger v. Leger*, 2000-0505 (La. App. 1 Cir. 5/11/01), 808 So.2d 632, 638, by sentencing Mr. Braccio and Mr. Crowe to 10 days in jail based on former counsels' failure to provide separate written responses to joint discovery requests.

6. The trial court erred by ordering the appellants each to pay a contempt fine of $100 per day when: (1) the actions to be taken to stop the fines are not reasonable discernible; and (2) the accrual of the fines will exceed the $500 maximum contempt fine prescribed by La. R.S. 13:4611.

7. The trial court abused its discretion in awarding unreasonable and unsupported amount of attorneys' fees, costs, and expenses to TPT.

# DISCUSSION

TPT filed one rule for contempt of court and motion for sanctions on February 12, 2019 against Mr. Braccio, Mr. Crowe, and ATS and another rule for contempt and sanctions against AZT on the same date. In the first rule, TPT alleged that "[d]espite the [December 12, 2018] Judgment ordering Braccio, ATS and Crowe to separately provide legally sufficient responses, those defendants continue to refuse to produce any responsive documents ... The fact that [the trial

10

court] granted the defendants the requested extension of time in which to respond to the Requests shows the continuing bad-faith of defendants Braccio, ATS and Crowe." With respect to AZT, TPT alleged that "[c]ounsel for defendants produced certain documents on January 13, 2019 and January 18, 2019 ... which contained ... unidentifiable source code pulled from [AZT's] files. ... Defendants' Second Set of Responses to TPT's Requests for Production of Documents is not legally sufficient. ... Additionally, Defendants intentionally and willfully failed to provide numerous documents requested by TPT and provided unintelligible and duplicative documents in an attempt to make the production appear more significant." Both rules certify that they were served on counsel for the appellants via email and certified mail.

The transcript of the March 9, 2019 hearing on the rules for contempt is not found in the record; however, it is included in the appellate brief of Mr. Braccio and ATS, and TPT acknowledges and even quotes the transcript in its own appellate brief without questioning the truth of the transcript's words.[7] At that hearing, counsel for the appellants and the other defendants moved to withdraw due to a possible conflict of interest that was discovered between the defendants. Counsel also stated they were not making an appearance on the behalf of any defendant, but were present "for the benefit of the Court." Neither Mr. Braccio nor Mr. Crowe individually, nor any representative or agent for ATS or AZT were present in court. Mr. Braccio and Mr. Crowe were allegedly in the state of Arizona.

At that point, the trial court asked, "Do [the defendants] understand there is a very strong possibility that David Crowe may go to jail today?" Counsel for the defendants acknowledged that they understood. The trial court then granted

_____

[7] The disposition of this ruling is reflected in the court minutes for the date of "March 6, 2019."

counsel's motion to withdraw as to two other defendants who are not appellants in the instant case. The trial court then stated it was ready to proceed with the contempt hearing on the appellants.

Counsel for the appellants advised the trial court that they could not represent the appellants due to the aforementioned conflicts of interest, to which the trial court replied, "Very well. You are free to go." Counsel for the appellants then exited the courtroom without any response. Once counsel for the appellants were gone, the trial court proceeded with the contempt hearing.

Counsel for TPT provided legal argument to the trial court, but did not submit any evidence to the court with regard to the appellants' contempt of court. The trial court then found the appellants in contempt of court and sentenced Mr. Braccio and Mr. Crowe to serve 10 days in jail, without any condition on which they could purge the jail sentence. The trial court issued arrest warrants for both Mr. Braccio and Mr. Crowe. The trial court ordered a fine of $100 per day until the discovery requests were completed. The trial court also ordered the appellants to pay attorney's fees and costs.

Contempt is considered civil if the court's purpose is to force compliance with its order, while it is considered criminal in nature if the purpose is to punish disobedience of a court order. *Geo-Je's Civic Ass'n, Inc. v. Reed*, 525 So.2d 192, 197 (La. App. 1 Cir. 1988). In sentencing Mr. Braccio and Mr. Crowe to time in jail without the possibility to purge the jail sentencing by complying with the discovery request, the trial court clearly intended to punish them for willful disobedience of the order. See La. C.C.P. art. 224(A)(2). Mr. Braccio and Mr. Crowe were therefore found in criminal contempt of court. If the penalty imposed is criminal in nature, the burden of proof of the elements of contempt must be beyond a reasonable doubt. *Rogers v. Dickens*, 2006-0898 (La. App. 1 Cir. 2/9/07), 959 So.2d 940, 947.

Since criminal contempt is criminal in nature, the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects a defendant in a criminal proceeding against conviction upon proof beyond a reasonable doubt of every fact necessary to constitute the contempt charge. *Dauphine v. Carencro High School*, 2002-2005 (La. 4/21/03), 843 So.2d 1096, 1108. Furthermore, a person charged with a crime is entitled to written notice of the charges against him. See *State in Interest of Newton*, 559 So.2d 801, 802 (La. App. 1 Cir. 1990).

Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. *Estate of Graham v. Levy*, 636 So.2d 287, 290 (La. App. 1 Cir. 1994), writ denied, 94-1202 (La. 7/1/94), 639 So.2d 1167. We find that the trial court did go beyond the scope of both a contempt and a criminal proceeding in several respects.

Mr. Braccio and Mr. Crowe, who were sentenced to time in jail, did not receive written notice of their charges. See La. C.C.P. art. 225(A). Mailing notice to their attorney is not sufficient, just as it would not be sufficient in a standard criminal case to mail a bill of information or indictment to a defendant's attorney in lieu of a formal arraignment. Furthermore, a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law. La. C.C.P. art. 2002(A)(2). TPT points out that the appellants did not raise an objection to the insufficient notice. We find that argument to be of no moment in the instant case. As stated above, the appellants were charged with a crime, which required written notice upon the defendants, and which cannot be waived through a lack of objection. As such, the appellants' first assignment of error has merit, and the contempt judgment of the trial court must be vacated due to insufficient service on the appellants.

There were additional irregularities in the trial court's contempt proceedings that must also be addressed. The appellants were tried *in absentia*. Pursuant to La.

13

C.Cr.P. art. 832, a defendant *initially* present for the commencement of trial shall not prevent the further progress of the trial. The appellants were not present for the proceedings on March 9, 2019, and the contempt proceedings did not begin until their counsel had left the courtroom. Counsel for the appellants left the courtroom after the trial court permitted them to do so. Whether counsel made a prudent choice in deciding to leave is not relevant in the instant matter. What is relevant, however, is that the appellants were never present for the contempt proceeding and had no opportunity to present a defense to the charges against them. Unless the appellants are given the opportunity to be present for the contempt proceedings against them, the proceedings cannot take place. The appellants' third assignment of error also has merit.

Finally, no trial on the contempt charges took place, as TPT did not submit any evidence of the appellants' guilt. In a typical criminal proceeding, the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt through evidence sufficient to prove that guilt. We would also apply the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d (1979) here, which is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant was guilty beyond a reasonable doubt. With absolutely no evidence presented at the contempt hearing of the defendants' willful disobedience of a court order, the defendants could not be found in contempt. See La. C.C.P. art. 224(A)(2). The appellants' second assignment of error also has merit.

Due to our vacating the trial court's judgment on contempt and remanding to the trial court with the above instructions, all other assignments of error raised by the appellants are pretermitted. Additionally, TPT filed an answer to the instant appeals, in which it requests additional attorney's fees in connection with its

defense of the instant appeals. Pursuant to our above ruling, we deny any additional attorney's fees in favor of TPT and dismiss the answer to the appeal.

## DECREE

The judgment of contempt of court rendered by the Sixteenth Judicial District Court is vacated, and this matter is remanded for further proceedings with instructions. The answer to the appeal, filed by the appellee Turbine Powered Technology, Inc., is dismissed. All costs associated with the instant appeals are assessed to the appellee.

**APPEAL MAINTAINED; JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS; ANSWER TO APPEAL DISMISSED.**